HIRAM HITCHCOCK, as Executor, etc., Respondent, *v.* FANNY
M. PEASLEE, Respondent, et al., Appellants.

As a general rule, when a motion is made to set aside or modify a judg-
ment founded on matters *in pais* and *dehors* the record, the granting of
the relief sought is discretionary.

P., by his will, gave to his daughter F. $20,000 in trust, "the same to
revert at her death without issue" to the testator's widow and son.   In
an action brought by the executors it was adjudged that the fund was
payable to F. ; that she was, however, not at liberty to spend or waste the
principal, but was bound to keep it securely invested for the benefit of the
remaindermen.   The money was paid over to F. pursuant to the
judgment.   The widow thereafter died, and her executor made a motion
at the foot of the decree for an order requiring F. to give security
for the fund.   These facts appeared thereon : The whole fund hav-
ing been hopelessly lost by unfortunate investments, F. insured her
life for $20,000 to provide for its ultimate restitution.   Her mother
protested against this, asked F. not to continue the policies, and
promised to forgive her the loss, and not call upon her for the fund.   F.
paid the premiums for a time, and then notified her brother of her
inability to continue this, and suggested that he continue the policies ;
this he refused; she thereupon allowed $10,000 of the insurance to
lapse.   The court required F. to give security for the one-half of the
fund payable to the brother, but refused the application as to the one-
half going to the mother.   F. complied with the order.   On appeal by
the executor, *held*, that there was no absolute legal right to the secur-
ity sought, but the matter rested in the reasonable discretion of the
Special Term; and that this discretion had been exercised in behalf of
the moving parties as fully as was justified.

(Argued March 22, 1895 ;  decided April 9, 1895.)

APPEAL from order of the General Term of the Supreme
Court in the first judicial department, made October 12, 1894,
which affirmed an order of Special Term confirming the
report of a referee and denying a motion to require Fanny M.
Peaslee to give security for a portion of a trust fund created
by the will of Edmund R. Peaslee, deceased.

The facts, so far as material, are stated in the opinion.

*Robert Hunter McGrath, Jr.,* for appellants.   The practice
of the appellants was correct.   The proper method of amend-

ing or enforcing a final judgment when subsequent directions from the court are necessary is by a motion in the action at the foot of the judgment. (*Wetmore* v. *Law*, 42 How. Pr. 130; *Kamp* v. *Kamp*, 59 N. Y. 212, 215; *Hall* v. *Clarke*, 7 Paige, 382; *Wright* v. *Nostrand*, 94 N. Y. 31; *Buck* v. *Remsen*, 34 id. 383; *Binnse* v. *Wood*, 37 id. 532; *Adams* v. *Ashe*, 46 Hun, 105, 110; *Clarke* v. *Rowling*, 3 N. Y. 216; *Blodgett* v. *Blodgett*, 42 How. Pr. 19.) The referee was not appointed by the Supreme Court to hear and determine this controversy, and while his report is in the technical form of findings of fact and conclusions of law, it is not equivalent in weight to the verdict of a jury. The testimony reported by him and the proceedings in the action present questions of law and fact for the revision of this court. (*Marshall* v. *Meech*, 51 N. Y. 140; *In re Knapp*, 85 id. 284.) The bequest of Edmund R. Peaslee: "I give to my daughter Fanny M. Peaslee  *  *  *  twenty thousand dollars in trust, the same to revert at her death, if without issue, equally to my wife and my son," creates a life interest in Fanny M. Peaslee and a vested estate in equal shares in Martha K. Peaslee and Edward H. Peaslee, subject to be divested by the death of the first taker leaving issue surviving her. (*Nellis* v. *Nellis*, 99 N. Y. 505; *Griffin* v. *Sheppard*, 124 id. 70; *Hennessy* v. *Patterson*, 85 id. 91; *Kenyon* v. *See*, 94 id. 563; *Knowlton* v. *Atkins*, 134 id. 315; *Fowler* v. *Ingersoll*, 127 id. 472.) If the language of the bequest "to revert at her death, if without issue, equally to my wife and my son," created an estate in the widow which has been defeated by her death in the lifetime of Fanny M. Peaslee, this defeated interest does not pass to Fanny M. Peaslee, but forms part of the residuary estate disposed of under the will. (*Riker* v. *Cornwell*, 113 N. Y. 115; *Lamb* v. *Lamb*, 131 id. 227; *Power* v. *Cassidy*, 79 id. 602.) Martha K. Peaslee did not in her lifetime relinquish or give her interest in the trust fund to Fanny M. Peaslee, and her executors are entitled to security for its proper administration. (Perry on Trusts, § 851; *Gray* v. *Barton*, 55 N. Y. 68; *Young* v. *Young*, 80 id. 438; *Jackson* v. *R.*

*Co.*, 88 id. 520; *In re Crawford*, 113 id. 560; *McKenzie* v. *Harrison*, 120 id. 266; *In re Blauvelt*, 131 id. 249, 254; *In re Camp*, 126 id. 384, 385; *Smith* v. *Van Nostrand*, 64 id. 285; *Collins* v. *Collins*, 32 Hun, 156.)

*C. N. Bovee, Jr.*, for respondent.   The devise consists of a conditional fee vested in the daughter, subject to being divested, and further of two contingent remainders, one in the mother to one-half the estate, and one in the brother to the other half thereof. (Gray on Perpetuities, § 101; *Vanderzee* v. *Slingerland*, 103 N. Y. 47; *In re N. Y., L. & W. R. Co.*, 105 id. 89; *Fowler* v. *Ingersoll*, 127 id. 472; *Avery* v. *Everett*, 110 id. 317; *Graham* v. *L. Ins. Co.*, 46 Hun, 261; *Kelso* v. *Lorillard*, 85 N. Y. 177; *Drummond* v. *Drummond*, 11 C. E. Green, 234.)   The appellants' contention, that the terms of the bequest, " at her death without issue," does not mean the death of Frances during the life of the testator, but means death subsequent to that of the testator, is untenable.   (*Wolfe* v. *Van Nostrand*, 2 N. Y. 436.) The third conclusion of law made by the referee and affirmed by Special and General Terms is correct, to wit, that by the death of Martha K. Peaslee during the life of Frances such interest as she had in the fund became extinguished. (*Kelso* v. *Lorillard*, 95 N. Y. 177; *In re Denton*, 137 id. 428.)   As a matter of fact and of law, the interest of Mrs. Peaslee came to an end by her own voluntary relinquishment during her life. (*In re N. Y., L. & W. R. Co.*, 105 N. Y. 89; *Fleming* v. *Gilbert*, 3 Johns. 530; *Lattimore* v. *Harsen*, 14 id. 330; *Dearborn* v. *Cross*, 7 Cow. 48; *Gardner* v. *Gardner*, 22 Wend. 526; *Kent* v. *Reynolds*, 8 Hun, 559; *Beach* v. *Endress*, 51 Barb. 579; *Vanderbeck* v, *Vanderbeck*, 30 N. J. Eq. 265; *Phelps* v. *Johnson*, 8 Johns. 54; *Tine* v. *Nelson*, 38 N. J. L. 358; *Jones* v. *Q. Bank*, 29 Conn. 25; *Hastings* v. *Dickinson*, 7 Mass. 153; *Thurston* v. *James*, 6 R. I. 104.) The order appealed from is not reviewable in this court. The application made to the Special Term was addressed to the discretion of the court.   It was affirmed by the General Term, and is not appealable to this court.   (Code Civ. Pro.

§ 1337 ; *Duryea* v. *Vosburgh,* 121 N. Y. 53–63 ; *Lawrence*
v. *Farley,* 73 id. 187 ; *Concklin* v. *Taylor,* 68 id. 221 ;
*Howell* v. *Mills,* 53 id. 322 ; *Livermore* v. *Butterfield,* 56
id. 72 ; *Cushman* v. *Brundett,* 50 id. 296.)

Fɪɴᴄʜ, J. This appeal should be dismissed. The father
of the defendant Fanny M. Peaslee by his will gave to her
" twenty thousand dollars in trust, the same to revert at her
death without issue equally " to his wife and son. An action
was brought by his executors, seeking to some extent a con-
struction of the will, in which it was adjudged that the fund
of twenty thousand dollars was payable to the daughter and
should be put in her possession, but that she was not at liberty
to spend or waste the principal and was bound to keep it
securely invested for the benefit of those entitled to the con-
tingent remainder. In pursuance of the decree the money
was paid over to the daughter. The testator's wife thereafter
died and the executor of the mother made a motion at the
foot of the decree for an order requiring the daughter, who
continued to hold the fund as life tenant, to give security for
its preservation and as a safeguard against loss or waste. The
matter was sent to a referee to take proof of the facts, and it
then appeared that the whole fund had already been lost by
unfortunate investments in stocks. Wall street had engulfed
it bodily. After this severe loss, the daughter insured her
own life to provide for the ultimate restitution of the fund
and for a time managed to pay the premiums. The mother
on ascertaining the facts protested against the hard remedy,
begged the daughter not to continue the policy, and promised
to forgive her the loss and never to call upon her for the
fund. It became difficult for her to bear the annual drain of
the premiums, and she then notified her brother of the situa-
tion and suggested that he should keep the policies in life
until she should be able to do it herself. He refused, and she
allowed ten thousand dollars of the insurance to lapse, but
kept ten thousand dollars in force. By the will of her mother
she has become entitled to about thirty thousand dollars
absolutely and ten thousand dollars for her life. On this

state of facts the court required her to give security for the one-half of the fund payable to Edward, and she has submitted to the order without an appeal, but the court refused the application as to the ten thousand dollars which was to revert to the mother, and Edward as executor of her will and his associate in that office appeal from the refusal after an affirmance by the General Term.

I think it is obvious that the order of the Special Term rested in its reasonable discretion which was exercised in behalf of the moving parties quite as fully as was justifiable. There was no absolute legal right to have the security sought. The possession of the fund had been adjudged to belong to the daughter. Whether she should give bonds for its preservation or ultimate payment over was a question dependent upon the after-occurring circumstances, and which the court might answer either way after giving them reasonable consideration. If the daughter, after having lost the fund, was insolvent, an order requiring her to give security would be in effect that she find somebody willing to pay the debt for her to her own brother. If, on the other hand, her mother's legacy had made her worth three times the amount of the lost fund the court may have deemed the demand for security unreasonable, especially in view of the daughter's claim that the mother had released the fund to her and discharged the liability. Such a question as that might very well be excluded from a determination upon a mere motion. Where one moves at the foot of a decree it is usually with permission given or reserved in the decree itself, and contemplates orders intended to carry out and effectuate the decree. Here the effort is to alter and modify it. It gave the fund without conditions, and is sought to be changed by imposing conditions. Practically it is a motion to set aside the judgment, founded on matters *in pais* and *dehors* the record. The general rule in such cases is that the relief sought is discretionary. (*Williams* v. *Montgomery*, 60 N. Y. 648.)

The appeal should be dismissed, with costs.

All concur.

Appeal dismissed.