## LOWERY v. HELVERING, Commissioner of Internal Revenue.
### No. 71.

Circuit Court of Appeals, Second Circuit.
May 14, 1934.

James F. Hubbell, of Utica, N. Y., for petitioner.

Milford S. Zimmerman, of Washington, D. C., Frank J. Wideman, Asst. Atty. Gen., and Sewall Key, J. P. Jackson, and Norman D. Keller, Sp. Assts. to Atty. Gen., for respondent.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

L. HAND, Circuit Judge.

This is a petition to review an order of the Board of Tax Appeals affirming a deficiency in the petitioner's income tax for 1928. By the third clause of his will, drawn in 1895,

the petitioner's husband made the following disposition: "I do hereby give bequeath and devise unto my wife * * * for and during the term of her natural life, the possession, management and control and the rents, profits, use and income of all the rest residue and remainder of all my personal and real property." He then devised and bequeathed the remainder to trustees in trust to divide it into seven equal shares, one of which was to be held for each of his four sons and three daughters. The trustees were to use the income of each of the sons' shares for his support as they might "deem proper" until he became twenty-one, thereafter to pay him the whole income until he was twenty-five, and at twenty-five to give him the principal; "and he is to have and to hold for and during his lifetime the possession, use, income and profits of his own share and he is to have entire control and management as he may deem best for his own interests." The remainder was limited to the sons' next of kin in default of appointment by will among his descendants. The shares of the daughters differed only in being held in trust until their death. The testator died in 1895, leaving only personal property; the widow qualified as an executrix but did not get possession of the residue as life tenant, and, though on occasion consulted by her fellow executors, never took an active part in the management of the estate. On April 30, 1928, having adequate means of her own, she assigned to her children by deed all "the income" to which she was entitled under the third clause of the will. At that time all the children were living, except one daughter who had left three children; the deed gave one-seventh of the life interest to each stirps.

The Commissioner found, and the Board held, that the assignment of the income did not pass the whole legal interest, because the bequest included not only the income which she did assign, but the "possession, management and control" which she did not. Thus the case fell within the doctrine of such decisions as Lucas v. Earl, 281 U. S. 111, 50 S. Ct. 241, 74 L. Ed. 731, and Burnet v. Leininger, 285 U. S. 136, 52 S. Ct. 345, 76 L. Ed. 665. Sub silentio the Board seemed to concede that if the deed of gift had in fact stripped the donor of all interest in the property, no income later arising would have been taxable to her; and such is certainly the law. Commissioner v. Field, 42 F.(2d) 820 (C. C. A. 2); Hall v. Burnet, 60 App. D. C. 332, 54 F.(2d) 443, 83 A. L. R. 86; Nelson v. Ferguson, 56 F.(2d) 121 (C. C. A. 3). In England for over a century the bare gift of the income

of property has ordinarily passed the "general property" to the donee; not only is it not necessary to transfer the corpus, but, in the absence of limitation, the gift is not limited to the donee's life. Page v. Leapingwell, 18 Ves. Jr. 465; Haig v. Swiney, 1 Sim. & St. 487; Stretch v. Watkins, 1 Madd. 253; Adamson v. Armitage, 19 Ves. Jr. 414; Stephenson v. Dowson, 3 Beav. 342; Davidson v. Kimpton, L. R. 18 Ch. D. 213. The same is true in New York, Hatch v. Bassett, 52 N. Y. 359, though, if as here the intent be plain to limit the income to the life of the legatee, the gift or bequest creates only a legal life interest. Durfee v. Pomeroy, 154 N. Y. 583, 49 N. E. 132; Snedeker v. Congdon, 41 App. Div. 433, 58 N. Y. S. 885; Hodgman v. Cobb, 202 App. Div. 259, 195 N. Y. S. 428. Again, a legal life interest in personal property does not entitle the legatee or donee to possession as of right (we are of course not speaking of property whose enjoyment necessarily involves possession). In re McDougall, 141 N. Y. 21, 35 N. E. 961; In re Rowland, 153 App. Div. 327, 331-333, 137 N. Y. S. 1010. But the will may provide otherwise either expressly or by implication. In re Ungrich, 48 App. Div. 594, 62 N. Y. S. 975, affirmed 166 N. Y. 618, 59 N. E. 1131; In re Rowland, supra; In re Hamlin, 141 App. Div. 318, 331, 126 N. Y. S. 396. Cf. Hitchcock v. Peaslee, 145 N. Y. 547, 40 N. E. 211; In re Bushnell, 73 App. Div. 325, 77 N. Y. S. 4. All things considered, it seems to us that the testator's intent here must have been that his widow should have possession of the residue during her life; for she was herself one of the executors, who were themselves not to give any security; she lived in the state, and the remaindermen were her children and grandchildren. Had she demanded possession and had the executors granted it without security, no one could have disturbed their decision; had they refused, perhaps she could have forced them to accede, though there is no case that we can find which has gone so far. At any rate, we will assume that she could, and if so, the deed of gift conveyed less than the whole complex of her rights; she transferred only the income, and omitted the right to possession. On the other hand this right, assuming she had it, was intended solely as an incident to the complete enjoyment of the substance of the bequest, the income. Had she demanded possession after the execution of the deed of gift and had the executors refused it, no court would have compelled them to accede; indeed, had they assented, the donee could have prevented compliance. This seems to us a necessary

consequence upon the structure of the bequest. The testator, who chose a legal life interest instead of a trust, must have contemplated the greater freedom which resulted, an equivalent equitable interest not being assignable in New York. The right to possession, whether absolute or precatory, was only to confirm this purpose by giving the life tenant complete freedom, and we are not to suppose that it was meant to continue after she had parted with the substance of the bequest; that would thwart the presupposition on which it depended. It is true that she might have declared herself a trustee of the legal interest; if she had, she could indeed have enforced any right she had to possession; but that would have been another transaction with other legal consequences. Not so, after she had assigned the income. By that the donees became the life tenants and while thereafter it may not have been proper for them, it certainly would have been improper for her, to receive possession. Indeed as to the four-sevenths of the estate that went to the sons, they were to have complete dominion over their shares after they reached twenty-five, and they were all older than that in 1928. The deed of gift merely accelerated their enjoyment, and if the widow could have demanded possession, it would seem that they ought to have had it as donees pur autre vie. It appears to us that no court would have required the executors to turn over the estate to the widow after the deed of gift, and that as she had not already got possession, the deed effectively passed the legal life interest just as a bequest of income alone would have created such an interest.

Cases like Lucas v. Earl, supra, 281 U. S. 111, 50 S. Ct. 241, 74 L. Ed. 731, and Burnet v. Leininger, supra, 285 U. S. 136, 52 S. Ct. 345, 76 L. Ed. 665, are to be explained on quite another theory. The choses in action there transferred were indeed as absolutely transferred as though they were unconditional in obligation; but they were conditional upon continued performance by the assignor, the original obligee. There is therefore a real propriety in looking at the obligee's performance as the source of the income, though strictly his control over it is only negative. Harwood v. Eaton, 68 F.(2d) 12, 14 (C. C. A. 2). This, so far as we can see, is the only explanation for those cases, unless it be that an assignment of a chose in action is no more than a power of attorney to collect for the obligee. Williston on Contracts, § 408. That would indeed be enough to distinguish the case at bar, where we are not concerned with an obligation but with the profits of prop-

erty; but it would not account for decisions like Hall v. Burnet, supra, 60 App. D. C. 332, 54 F.(2d) 443, 83 A. L. R. 86. However, it is not of consequence now just what is the rational foundation of the doctrine, for it has never been held to apply where the consideration has been performed and the right become absolute. In such situations an assignment is treated as completely stripping the assignor of his rights. Here nothing but a declaration of trust would have effected an opposite result, and by a curious coincidence in that case the fiduciary would not pay the tax. Section 162 (b) of the Revenue Act of 1928 (26 USCA § 2162 (b)).

Order reversed; deficiency expunged.