**MATCHETTE v. HELVERING, Com'r of Internal Revenue.**

**No. 137.**

Circuit Court of Appeals, Second Circuit.

Jan. 13, 1936.

William P. McCool, of New York City, and R. Kemp Slaughter and Hugh C. Bickford, both of Washington, D. C., for appellant.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key, J. Louis Monarch, and Warren F. Wattles, Sp. Assts. to Atty. Gen., for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

L. HAND, Circuit Judge.

This is a petition to review an order of the Board of Tax Appeals including in the taxpayer's income tax for the year 1923, a dividend declared upon shares of stock held by him at the time of declaration but transferred before the date of payment. The facts are as follows. The taxpayer was the holder of a large number of shares of stock in a hotel company, on which a dividend was declared on January 23rd, 1923, payable February 10th, to shareholders of record on January 26th. On February 3rd the taxpayer made an offer to sell some of these shares, expressly including this dividend and certain shares in another company, to a dummy company organized by him and bearing his name, in exchange for all the dummy's shares. This offer was accepted and the transfer was made; when the taxpayer received the dividend cheque upon all his shares in the hotel company, mailed to him on February 10th, he cashed it and made out a cheque to the dummy company for its proper proportion. The Board held that he should have included the whole dividend in his return.

By section 201 (e) of the Act of 1921, 42 Stat. 229, "a taxable distribution made by a corporation to its shareholders or members shall be included in the gross income of the distributees as of the date when the cash or other property is unqualifiedly made subject to their demands." This language came before the Supreme Court in Avery v. Commissioner, 292 U.S. 210, 54 S.Ct. 674, 78 L.Ed. 1216, under the Acts of 1924 and 1928. Section 201 (e) of the Act of 1921 had been repealed, but in its place the Commissioner had promulgated Article 1541 of Regulations 65, in exactly the language repealed except that he omitted the words, "or members." Assuming, though not deciding, that this regulation was valid, the Supreme Court held that dividends which had been declared in November and made payable on December 31st, were not to be included in the shareholder's income for the years 1924 and 1929, when paid by cheques, drawn on December 31st, but, as was the custom of the company, mailed too late to reach him until January 2nd. Such dividends are not "made unqualifiedly subject to their demands" until the shareholders actually receive the cheques; à fortiori they cannot be so subject before their date of payment.

A shareholder who transfers such a dividend is of course taxable upon any gain realized, and the taxpayer at bar would have been taxable for the year 1923 if the sale had been "recognizable." It was not. The dividend was "personal property" and it was part of property transferred in an exchange for shares which put the taxpayer "in control" of the transferee. That was within the exact language of section 202 (c) (3) (A) of the Act of 1921, 42 Stat. 230. When the new shares are sold, the dividend will indeed become taxable since it had no cost or "basis" (section 202 (d) (1), 42 Stat. 230); though indeed that will result in double taxation, because as "gain" it will bear a normal tax, which in theory the hotel company has already paid. But for the time being it escapes just as it would have escaped had the transfer been made before the date of its declaration. The Commissioner seeks to avoid this by invoking the doctrine of Lucas v. Earl, 281 U.S. 111, 50 S.Ct. 241, 74 L.Ed. 731, and Burnet v. Leininger, 285 U.S. 136, 52 S.Ct. 345, 76 L.Ed. 665, assimilating a dividend to future personal earnings. In Rossmoore v. Commissioner, 76 F.(2d) 520, we considered the significance of those cases; we did not think that they meant that if a taxpayer, keeping his accounts on a cash basis, were to indorse a sixty days note given in payment for past services, he would be taxable upon it as his income, unless he sold it and then only for what he received. If he gave it away he would escape; the mere fact that it was the result of his earnings would be irrelevant. We thought that the doctrine was limited to the assignment of future earnings, because these were necessarily left within the assignor's power, his continued

activity being a condition upon them. Only so could we see how the transfer of earnings differed from that of any other chose in action payable in the future. However, if earnings, past as well as future, are in a separate class we can see no reason why dividends should go along with them. Once transferred these are beyond the transferror's control, as much as the future earnings of a life estate, or any other assignable chose in action; and the transfer as such does not accelerate them. What other considerations can be relevant?

Order reversed; deficiency expunged.