### HORST v. COMMISSIONER OF INTERNAL REVENUE.

#### No. 83.

Circuit Court of Appeals, Second Circuit.
Nov. 13, 1939.

Duer, Strong & Whitehead, of New York City (Orwill V. W. Hawkins and Harry H. Wiggins, both of New York City, of counsel), for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and Morton K. Rothschild, Sp. Assts. to Atty. Gen., for respondent.

Before SWAN, CHASE, and PATTERSON, Circuit Judges.

PATTERSON, Circuit Judge.

The question is whether a taxpayer who detaches coupons from bonds owned by him and delivers them to another as a gift prior to the time when the coupons are payable is liable for income tax on the amounts later collected on the coupons by the transferee.

The petitioner owned a number of coupon bonds. The coupons represented the interest on the bonds and were payable to bearer. In 1934 he detached unmatured coupons of face value of $25,182.-50 and transferred them by manual delivery to his son as a gift. The coupons matured later on in the same year, and the son collected the face amount, $25,182.50, as his own property. There was a similar transaction in 1935. The petitioner kept his books on a cash basis. He did not include any part of the moneys collected on the coupons in his income tax returns for these two years. The son included them in his returns. The Commissioner added the moneys collected on the coupons to the petitioner's taxable income and determined a tax deficiency for each year. The Board of Tax Appeals, three members dissenting, sustained the Commissioner, holding that the amounts collected on the coupons were taxable as income to the petitioner.

The Board refused to follow Rosenwald v. Commissioner, 7 Cir., 33 F.2d 423, certiorari denied, 280 U.S. 599, 50 S.Ct. 69, 74 L.Ed. 644, where the facts were the same as in the present case. Rosenwald clipped bearer coupons and delivered them to a donee prior to the due date. The donee collected the money due. It was held that the interest collected on the coupons was not income of Rosenwald for tax purposes. The Board's decision is also in substance contrary to Matchette v. Helvering, 2 Cir., 81 F.2d 73, where we held that a stockholder who made an outright assignment of a dividend to another after declaration but before time of payment was not obliged to include the dividend in his income. We are of opinion that those decisions were sound and that the Board's decision cannot stand.

When the petitioner detached the coupons and handed them over to his son as a gift, the son acquired full title and dominion. The petitioner could not interfere in any way with the donee's control and right to receive the money when the coupons matured. Taxwise, the transaction was an outright assignment of future income from property, with the assignee the owner of the income prior to and at its realization. Generally liability to income tax attaches to ownership of the income, Blair v. Commissioner, 300 U.S. 5, 57 S.Ct. 330, 81 L.Ed. 465, and we see nothing to take the case out of the general rule. The case is not one where the assignor had power over the income after the assignment, as in Corliss v. Bowers, 281 U.S. 376, 50 S.Ct. 336, 74 L.Ed. 916. Nor is it a case of assignment of future earnings, the effectiveness of which for practical purposes is dependent on continued performance of services by the assignor. See Lowery v. Helvering, 2 Cir., 70 F.2d 713; Rossmoore v. Commissioner, 2 Cir., 76 F.2d 520; Shanley v. Bowers, 2 Cir., 81·F.2d 13; Matchette v. Helvering, supra.

The Board thought that a person who assigns future income from property and retains the property producing the income is liable for income tax on the income belonging to the transferee. The proposition, stated as broadly as this, cannot be supported. Take a case where the owner of income-producing property, such as bonds or stocks, grants by formal instrument a life estate in the property to another, keeping no power of revocation or control during the life estate but reserving the reversionary interest. The life estate is essentially a transfer of future income for the grantee's life; the corpus stays with the grantor. It would hardly be contended that in such a case the grantor was liable for income tax on the income belonging to the life tenant unconditionally. The situation may be varied by supposing that the estate created was one for years rather than for life, without affecting the result. See United States v. First National Bank, 5 Cir., 74 F.2d 360.

The respondent relies on Lucas v. Earl, 281 U.S. 111, 50 S.Ct. 241, 74 L.Ed. 731, and Burnet v. Leininger, 285 U.S. 136, 52 S.Ct. 345, 76 L.Ed. 665. We do not see that these cases support the Board's decision. In Lucas v. Earl, a husband assigned to his wife salaries and fees to be

earned in the future. The salaries and fees later earned by him were held to be taxable income to him. In Burnet v. Leininger, a partner assigned to his wife future income from the partnership. The partner was nevertheless held liable for income tax on such income. It is true that these two cases were given a broad interpretation in Reinecke v. Smith, 289 U.S. 172, 177, 53 S.Ct. 570, 77 L.Ed. 1109; but in a more recent case, Blair v. Commissioner, supra, it was pointed out that they concerned assignments of future income from earnings, that they were decided on the provisions of the revenue act applicable to income derived from personal services and from partnerships, and that they did not control assignments of future income from property.

The Board quotes a passage from Bing v. Bowers, D.C., 22 F.2d 450, affirmed on the opinion below in 2 Cir., 26 F.2d 1017. The language quoted must be read against the facts of that case, where it was held that the taxpayer had given up no interest in the land, had created no rent charge, and had in fact retained control over the net income which he had purported to grant to another.

The amounts collected on the coupons were not income of the petitioner. The decision of the Board will be reversed.