## EUBANK v. COMMISSIONER OF INTERNAL REVENUE.

### No. 138.

Circuit Court of Appeals, Second Circuit.

March 25, 1940.

Harry J. Rudick, of New York City, (Lord, Day & Lord and John W. Drye, Jr., all of New York City, of counsel), for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and Morton K. Rothschild, Sp. Assts. to Atty. Gen., for respondent.

Before SWAN, AUGUSTUS N. HAND, and PATTERSON, Circuit Judges.

SWAN, Circuit Judge.

The question presented is whether renewal commissions payable to a general agent of a life insurance company after the termination of his agency and by him assigned prior to the taxable year must be included in his income despite the assignment.

During part of the year 1924 the petitioner was employed by the Canada Life Assurance Company as its branch manager for the state of Michigan. His compensation consisted of a salary plus certain commissions. His employment terminated on September 1, 1924. Under the terms of his contract he was entitled to renewal commissions on premiums thereafter collected by the company on policies written prior to the termination of his agency, without the obligation to perform any further services. In November 1924 he assigned his right, title and interest in the contract as well as the renewal commissions to a corporate trustee. From September 1, 1924 to June 30, 1927, the petitioner and another, constituting the firm of Hart & Eubank, were general agents in New York City for the Ætna Life Assurance Company, and from July 1, 1927 to August 31, 1927 the petitioner individually was general agent for said Ætna Company. The Ætna contracts likewise contained terms entitling the agent to commissions on renewal premiums paid after termination of the agency, without the performance of any further services. On March 28, 1928 the petitioner assigned to the corporate trustee all commissions to become due him under the Ætna contracts. During the year 1933 the trustee collected by virtue of the assignments renewal commissions payable under the three agency contracts above mentioned, amounting to some $15,600. These commissions were taxed to the petitioner by the commissioner and the Board has sustained the deficiency resulting therefrom.

It is the view of the Board that Congress intended to tax salaries and commissions to those who earn them regardless of prior assignments. Lucas v. Earl, 281 U.S. 111, 50 S.Ct. 241, 74 L.Ed. 731, and Burnet v. Leininger, 285 U.S. 136, 52 S.Ct. 345, 76 L.Ed. 665, are strongly relied upon. But in those cases, as this court has frequently pointed out, the assignor remained in control of the income, since it was only through his continued efforts that it could be earned. See Commissioner v. Field, 2 Cir., 42 F.2d 820, 822; Lowery v. Helvering, 2 Cir., 70 F.2d 713, 714; Rossmoore v. Commissioner, 2 Cir., 76 F.2d 520, 521; Shanley v. Bowers, 2 Cir., 81 F.2d 13, 15; Matchette v. Helvering, 2 Cir., 81 F.2d 73, 74, certiorari denied, 298 U.S. 677, 56 S.Ct. 942, 80 L.Ed. 1398. In the case at bar the petitioner owned a right to receive money for past services; no further services were required. Such a right is assignable. At the time of assignment there was nothing contingent in the petitioner's right, although the amount collectible in future years was still uncertain and contingent. But this may be equally true where the assignment transfers a right to income from investments, as in Blair v. Commissioner, 300 U.S. 5, 57 S.Ct. 330, 81 L.Ed. 465, and Horst v. Commissioner, 2 Cir., 107 F.2d 906, or a right to patent royalties, as in Nelson v. Ferguson, 3 Cir., 56 F.2d 121, certiorari denied, 286 U.S. 565, 52 S.Ct. 646, 76 L. Ed. 1297. By an assignment of future earnings a taxpayer may not escape taxation upon his compensation in the year when he earns it. But when a taxpayer who makes his income tax return on a cash basis assigns a right to money payable

in the future for work already performed, we believe that he transfers a property right, and the money, when received by the assignee, is not income taxable to the assignor. The authorities are divergent. Hall v. Burnet, C.A.D.C., 60 App.D.C. 332, 54 F.2d 443, 83 A.L.R. 86, certiorari denied, 285 U.S. 552, 52 S.Ct. 408, 76 L.Ed. 942, accords with our decision in the present case. Bishop v. Commissioner, 7 Cir., 54 F.2d 298; Parker v. Routzahn, 6 Cir., 56 F.2d 730, certiorari denied, 287 U.S. 606, 53 S.Ct. 15, 77 L.Ed. 527; and Van Meter v. Commissioner, 8 Cir., 61 F.2d 817, appear to be opposed to it. We believe that the limitation which this court set upon the doctrine of Lucas v. Earl, supra, is reasonable and should be followed by us unless higher authority determines it to be wrong.

Order reversed.

PATTERSON, Circuit Judge (dissenting).

The renewal commissions were compensation for personal services rendered by the petitioner. In Lucas v. Earl, 281 U.S. 111, 50 S.Ct. 241, 74 L.Ed. 731, it was held that the Revenue Act of 1918, in providing for tax on "income derived from salaries, wages, or compensation for personal service", section 213(a), 42 Stat. 238, imposed the tax on him who earned the compensation, regardless of an assignment in favor of another. There the assignment was made in advance of earning the compensation, but the court put no stress on that feature. It was laid down broadly that the person taxed on account of personal compensation was the earner, and that the tax could not be deflected from him to another by means of an assignment. That this is the effect of the Earl case is indicated not only from the opinion in that case, but also from the later discussion of the case in Burnet v. Leininger, 285 U.S. 136, 141, 142, 52 S.Ct. 345, 76 L.Ed. 665, and in Blair v. Commissioner, 300 U.S. 5, 11, 57 S.Ct. 330, 81 L.Ed. 465. I do not find any reason to confine the rule to instances where earnings have been assigned prior to the time when they were earned. On the contrary, I am of opinion that Lucas v. Earl, supra, governs a case like the present one, an assignment made after earning compensation. The 1932 Act is the same as the 1918 Act as to income from wages, salary and compensation. I agree with the Board's decision and vote to affirm it.