**MEHRLUST v. HIGGINS, Collector of Internal Revenue.**

**No. 343.**

Circuit Court of Appeals, Second Circuit.

June 17, 1940.

John T. Cahill, U. S. Atty., of New York City (Noel Hemmendinger, Asst. U. S. Atty., of New York City, of counsel), for appellant.

Andrew B. Trudgian, of New York City (David J. Levy, of New York City, of counsel), for appellee.

Before L. HAND, CHASE, and PATTERSON, Circuit Judges.

L. HAND, Circuit Judge.

This is an appeal from a judgment for the plaintiff in an action to recover taxes, erroneously collected under § 605 of the Revenue Act of 1932, 26 U.S.C.A.Int.Rev. Acts, page 609. That act was passed on June 6th, and became effective on June 21st; it imposed an excise of 10% on sales of jewelry by a manufacturer, producer, or importer. The plaintiff, who was such a manufacturer, on June 6th, 1932, had on hand a stock of jewelry, valued at $628,243. He organized a corporation on June 17th, for 500 of whose 1,000 authorized shares he paid into its treasury $2,500 in cash. He thus became, and has always remained, its sole shareholder, and its only salaried officer. On the same day he sold to the company all the jewelry just mentioned, and took in exchange the company's demand note for $626,243 and $2,000 in cash out of the $2,500 he had just paid in. The company then began to sell the jewelry, as the plaintiff had done before; it kept a full set of books and did its business in its corporate name, like any other merchant. On June 18th, the plaintiff had owed the banks about $235,000 in notes, and he procured the company to execute similar notes, which he indorsed and exchanged for his own at the banks. By January 1st, 1939, the company's note to him had been paid down to about $84,000, in part by the notes just mentioned, in part in other ways. The Commissioner insisted upon disregarding the sale of June 18th, 1932, and taxed the plaintiff as though he had himself continued

to sell the jewelry after June 21st. The plaintiff paid the taxes so levied, and sued the collector. The case was tried to a judge upon an agreed statement of facts, and judgment was entered for the plaintiff.

In Burnet v. Commonwealth Improvement Co.; 287 U.S. 415, 53 S.Ct. 198, 77 L. Ed. 399—where the question was of income and excess profit taxes—one, Widener, had purchased all the shares of a corporation to which he then transferred certain property in exchange for the issue of some of the corporation's securities. Later the corporation sold this property back to Widener's trustees, and then sought to maintain that, since Widener, or his trustees, had always been the sole owners of its shares, it was entitled to take as the "basis" on this sale the value of the property on March 1st, 1913. This the court refused to allow, declaring that while there were exceptional circumstances which made it possible to disregard a corporation as a jural person, the situation then at bar was not among them. In Higgins v. Smith, 308 U.S. 473, 60 S.Ct. 355, 84 L.Ed. 406, the opposite situation arose; it was the Treasury, not the taxpayer, which wished to disregard the corporate personality. Smith, the taxpayer, had sold securities to a corporation of which he was the sole shareholder, and sought to deduct a loss based upon the price at which he sold. We allowed him to do so (Smith v. Higgins, 2 Cir., 102 F.2d 456) because we understood that under Burnet v. Commonwealth Improvement Co., supra, 287 U.S. 415, 53 S.Ct. 198, 77 L.Ed. 399, it was irrelevant to the "recognition" of gain or loss arising from a sale, that the seller was in absolute and immediate control of the buyer. The Supreme Court, however, said no; it distinguished Burnet v. Commonwealth Improvement Co., supra, 287 U.S. 415, 53 S.Ct. 198, 77 L.Ed. 399, because the Treasury had there merely refused to allow the taxpayer to ignore a juristic device of its maker's contriving; having dealt with Widener's trustees as buyers, the corporation was not free to deny that it was a seller. On the other hand, the Treasury was under no such disability; and upon looking at the facts, it was at once apparent that there had been no such sale as would defeat the tax. "Title, we shall assume, passed to Innisfail but the taxpayer retained the control", 308 U.S. at page 476, 60 S.Ct. at page 357, 84 L.Ed. 406. So in the case at bar, though we assume that, in insolvency for example, the corporate property would be subject to cor-

porate creditors alone, since they had with reason looked to the corporation as their debtor, nevertheless, the tax was laid upon an act—sale by a manufacturer—which the plaintiff could, and did, perform as much by means of a corporation, absolutely and immediately responsive to his will, as though he had sold in his own name, or in that of any other agent. Griffiths v. Commissioner, 308 U.S. 355, 60 S.Ct. 277, 84 L.Ed. 319, is to the same effect. Both were decided after the judgment at bar was entered.

Judgment reversed; complaint dismissed.