## BROWN v. COMMISSIONER OF INTERNAL REVENUE.

No. 340, Oct. Term, 1939; No. 85, Oct. Term, 1940.

Circuit Court of Appeals, Second Circuit.

July 10, 1940.

On Rehearing Nov. 4, 1940.

---

SWAN, Circuit Judge, dissenting.

H. Lewis Brown, of New York City, petitioner in pro. per.

Samuel O. Clark, Asst. Atty. Gen., and Sewall Key and Morton K. Rothschild, Sp. Assts. to Atty. Gen., for Commissioner of Internal Revenue.

Before SWAN, AUGUSTUS N. HAND, and PATTERSON, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The question raised by this appeal is whether the taxpayer H. Lewis Brown is liable for income taxes on a claim for compensation for legal services which was assigned by him to a corporation of which he was the sole stockholder in exchange for its stock after the services were rendered and before the amount was paid by the client.

The taxpayer was a member of the New York law firm of Burroughs & Brown which beginning about February, 1927, and continuing to October, 1929, rendered legal services to Charles T. Davis in a litigation between the latter and one Kelsey. Burroughs died June 19, 1929, while the action for Davis was still pending. Brown, the surviving partner, rendered further services to Davis on behalf of himself and of the Estate of Burroughs until about October 15, 1929. Before any judgment was rendered upon the claim, or any settlement of the controversy was reached, Brown voluntarily withdrew as attorney in the action and subsequent proceedings were conducted by other attorneys. Because he was unable to agree with Davis upon the fee to be paid he and the executor of his deceased partner Burroughs brought an action in the New York Supreme Court to determine the amount of the fee and to obtain a decree establishing a lien upon the proceeds of the suit of Davis against Kelsey. After protracted litigation the parties finally settled their disputes on December 6, 1933, at $41,800, one-half of which, or $20,900, was paid on that date to the executors of Burroughs, and the remaining one-half to Brown who at once endorsed over the check to Eastern Chemical Corporation, a Delaware corporation. That company was organized by Brown on August 23, 1933, to facilitate the collection of certain claims of another client for patent infringement in which the firm of Brown & Burroughs had an interest in the way of

an arrangement for a contingent fee. At the time the company was organized Brown subscribed and paid in cash for 100 shares of stock of the par value of $10 each and on October 29, 1933, he received a further 100 shares in return for the assignment to the company of his one-half interest in the claim against Davis then being litigated in the New York court. No further stock was issued by the company and Brown, as holder of the 200 shares, was the sole owner of the corporation. The Eastern Chemical Corporation returned the entire amount of $20,900 as its income and paid an income tax thereon. The amount was never included in the personal income tax return of Brown.

After the 200 shares were issued to Brown, and after the foregoing settlement, he assigned them to his wife as a gift and the gift was reported under the gift tax law by both Brown and his wife. On September 16, 1936, the Eastern Chemical Corporation was dissolved, current liquidating dividends were declared from the assets, the amounts received therefrom by Mrs. Brown were reported by her in her several income tax returns and taxes thereon were paid accordingly. Upon examination of the income tax return of Brown for the year 1933 the Commissioner added $20,900 to his income for that year and assessed a tax deficiency of $9,338.43 against him accordingly. This deficiency assessment was affirmed by the Board of Tax Appeals, of which $9,173.50 assessed because of the omission of $20,900 from Brown's income for the year 1933 is now in issue. We think the decision of the Board was right and should be affirmed.

It is contended on behalf of the taxpayer that the fee was fully earned prior to the assignment and that, therefore, the case does not come within the decisions of Lucas v. Earl, 281 U.S. 111, 50 S.Ct. 241, 74 L.Ed. 731, and Burnet v. Leininger, 285 U.S. 136, 52 S.Ct. 345, 76 L.Ed. 665, but within our recent decision in Eubank v. Commissioner, 2 Cir., 110 F.2d 737, in which we held that fully earned commissions on renewal insurance premiums when assigned to a trustee after they were earned were not taxable against the assignor but against the trustee. We based our decision on the fact that the assignor no longer remained in control of the income. Whatever might have been the view of the Supreme Court under the earlier cases it seems reasonably clear that since their decision in Higgins v. Smith, 308 U.S. 473, 60 S.Ct. 355, 84 L.Ed. 406, that court would not regard a transfer of compensation for services to a wholly-owned corporation as a parting with control by the assignor. The intervention of such a corporation had no business purpose other than to avoid taxes. Cf. Mehrlust v. Higgins, 112 F.2d 717, decided by this court on June 17, 1940. Accordingly such an intervention is insufficient to render Lucas v. Earl, supra, inoperative, although it may be that a different rule prevails for assignment to a wholly-owned corporation of a tangible res, as certificates of stock, together with the dividend declared thereon. Cf. Matchette v. Helvering, 2 Cir., 81 F.2d 73; Horst v. Commissioner, 2 Cir., 107 F.2d 906. Because of the continued control over income derived from personal services which is normally taxable against the person earning it, we find it unnecessary to discuss the somewhat complicated arguments made by the Board as to partnership law in support of its decision to sustain the assessment of the $20,900 against Brown.

The taxpayer largely relies on Section 112 (b) (5) of the Revenue Act of 1932, 26 U.S.C.A. Int.Rev. Code, § 112 (b) (5), which provides that: "No gain or loss shall be recognized if property is transferred to a corporation by one or more persons solely in exchange for stock or securities in such corporation, and immediately after the exchange such person or persons are in control of the corporation * * *."

We cannot regard this section as pertinent to any of the issues involved. The Commissioner and the Board did not attempt to assess the deficiency on the ground that the taxpayer realized any gain, nor was any gain realized when he received stock of the Eastern Chemical Corporation in exchange for his claim against Davis. He was assessed for the $20,900 received in 1933 and was taxed thereon because the fee was derived from his earnings and because, under the rule of Lucas v. Earl, he was liable for the tax so long as the compensation when received remained within his control.

Order affirmed.

SWAN, Circuit Judge (dissenting).

I think consistency requires us to follow our own recent decision in the Eubank case. I therefore dissent.

On Rehearing.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

We have allowed a rehearing of this appeal because the applicability of Higgins v. Smith, 308 U.S. 473, 60 S.Ct. 355, 84 L.Ed. 406, was not discussed on the former argument. We are satisfied that upon the record presented to the Board of Tax Appeals the decision in Higgins v. Smith, supra, governs the case and that the assignment by the taxpayer to the Eastern Chemical Corporation of his entire undivided one-half interest "in the claim of Burroughs & Brown * * * for legal services" should be disregarded in determining his income tax liability.

The petitioner seeks to limit the scope of Higgins v. Smith to situations in which a taxpayer is attempting to obtain a credit for a loss upon a sale of property which he has sold to it. We can see no justification for such a limitation. The reason for disregarding a wholly owned corporation when its sole stockholder seeks such a credit is that he controls the receipts of the assignee as completely as he would in a case like Lucas v. Earl, 281 U.S. 111, 50 S.Ct. 241, 74 L.Ed. 731, where earnings had been assigned but could only be realized upon his performance of future services. "It is command of income and its benefits which marks the real owner of property." Higgins v. Smith, 308 U.S. at page 478, 60 S.Ct. at page 358, 84 L.Ed. 406. Here the taxpayer not only controlled the action of his corporation but also personally arranged the settlement of the claim of Burroughs & Brown and in person received and endorsed over the checks delivered by the client in payment of his half of the fees.

■ The taxpayer's contention that Section 112 (b) (5) of the Revenue Act of 1932 will relieve him from the claimed income tax deficiency is without basis. The Commissioner made no attempt to tax gain resulting from the exchange of the cause of action to recover for legal services for stock in the Eastern Chemical Corporation and nothing but gain resulting from such an exchange would come within the terms of the statute.

In our former opinion we assumed that the gift by the taxpayer to his wife of all his stock in the Eastern Chemical Corporation was subsequent to the settlement and collection of his claim for legal services.

He now offers to prove that the gift was prior and, in order to do this, asks to have the case remanded to the Board with instructions to it to find the dates and to determine that no tax deficiency exists if it should be found that the gift of the stock was antecedent to the settlement of the claim. But in dealing with decisions of the Board no such procedure is permissible for under U.S.C. Title 26, § 1141 (c) (1), 26 U.S.C.A. Int.Rev.Code, § 1141 (c) (1), we may only "modify" or "reverse" the Board if its decision "is not in accordance with law."

■ On the record before us the Board committed no error. If a gift of the stock prior to the settlement of the claim by the taxpayer or his receipt of payment from his client would determine the alleged tax deficiency in his favor he had the burden of proving before the Board that the gift was prior and failed to do this. As the proof stood he assigned the claim to recover for legal services to a corporation of which he was the sole stockholder and he himself collected it. The gift of the stock to his wife which appears in the record was irrelevant unless he showed when it occurred for it may have been subsequent to settlement and payment of the claim. In that case he would have been collecting the money for a corporation of which he was the sole owner.

■ While we cannot remand a proceeding to the Board where no error in law has been committed we may allow the taxpayer to apply to it for leave to offer evidence as to the date of his gift of the stock and to obtain a rehearing and decision by the Board upon the original and such a supplemental record. Houston v. Commissioner, 3 Cir., 53 F.2d 445; Thom v. Burnet, 60 App.D.C. 414, 55 F.2d 1039; Commissioner v. Erickson, 1 Cir., 74 F.2d 327, 330. The decision in Chatham Phenix Nat. Bank & Trust Co. v. Helvering, 66 App.D.C. 330, 87 F.2d 547, 550, seems to conflict with the earlier one by the same court in Thom v. Burnet, supra, and to go beyond the statutory power of review granted to courts of appeal.

After the Supreme Court has rendered its decision upon the pending review of Eubank v. Commissioner, 2 Cir., 110 F.2d 737, the dates of the gift of the stock may become unimportant. We leave the question whether to reopen the case and, if it be reopened by the Board, how to decide it wholly to the latter.

On the record before us we adhere to affirmance of the order of the Board of Tax Appeals, but without prejudice to an application to it by the taxpayer for leave to present further evidence as to the date and circumstances attending the gift of the stock and if such leave be granted for a rehearing before the Board upon the record as thus supplemented.