## TEXAS MEXICAN RY. CO. v. CANALES.
### (No. 7827.)

Court of Civil Appeals of Texas. San Antonio. Oct. 26, 1927.

Rehearing Denied Nov. 23, 1927.

1. Trial ⚖⇒215—Instructions as to burden of proof and ordinary care held proper in connection with special issues in action against carrier for damages to cattle.

In action by shipper against carrier for death of, and injuries to, cattle shipped, submitted on special issues, it was proper for court to instruct jury as to burden of proof, and to define negligence and ordinary care in connection with special issues submitted.

2. Trial ⚖⇒215—Instruction on measure of damages held proper in connection with special issue submitting amount of damages.

In action against carrier for damages to cattle shipped, in which special issue was submitted involving question of amount of damages, giving of instructions on measure of damages held proper and necessary, and not in violation of rule prohibiting submission of cause on both general and special issues.

3. Trial ⚖⇒219—Court submitting case on special issues must give jury necessary definitions and explanations.

Where case is submitted on special issues, it is duty of the court to give jury such definitions and explanations as will be necessary to enable them to intelligently answer special issues.

4. Trial ⚖⇒215—Instruction as to carrier's liability for injuries to cattle on account of inherent vices was improper in action against carrier submitted on special issues.

In action against carrier for damages, court, submitting case on special issues, may not generally charge jury on issue of carrier's liability for injuries or death of cattle shipped, on account of their inherent vices.

5. Appeal and error ⚖⇒882(12)—Alleged error in incorporating in main charge general instruction in response to special charge requested held not reviewable at instance of party requesting special charge.

Where general instruction was incorporated into main charge in response to special charge

---

requested by defendant in substantially identical form, defendant could not on appeal complain that charge which he invited was error.

**6. Appeal and error ⚖1068(1)—Instruction on carrier's liability for injuries to cattle on account of inherent vices, if error, was harmless, where jury found injury was otherwise caused.**

In action against carrier for death and injuries to cattle shipped, general charge on carrier's liability on account of cattle's inherent vices, if erroneous, was harmless, where jury found neither death nor injury occurred by reason of any inherent vices.

**7. Carriers ⚖227(3)—Failure of shipper to prove rough handling and delay in shipment of cattle held not to prevent shipper's recovery for injury in transit.**

In action against carrier for death of, and injuries to, cattle shipped, failure of plaintiff to prove allegations that defendant was negligent in roughly handling and delaying cattle throughout entire journey *held* not to prevent recovery, where evidence sufficiently substantiated allegations of delivery of cattle to carrier in good condition and their delivery back to shipper in damaged condition.

**8. Carriers ⚖228(1)—Where cattle are unaccompanied, shipper may recover damages by proving delivery to carrier in good condition and its delivery of cattle at destination, in damaged condition, unless carrier proves it was not negligent.**

Where neither shipper nor any one for him accompanies cattle in shipment, but shipper intrusts their care entirely to carrier, shipper may recover for loss or injury by showing cattle were delivered in good condition to carrier at shipping point, and were delivered by carrier in damaged condition at destination, and carrier, to avoid such recovery, must show that he exercised due care in receiving, transporting, and delivering cattle.

**9. Carriers ⚖230(4)—Issue as to carrier's exercise of ordinary care in transporting cattle held for jury.**

In action against carrier for death of, and injuries to, cattle shipped, unaccompanied by shipper, issue as to whether carrier exercised ordinary care, thus freeing itself from presumption of negligence arising from injury in transit, *held* for jury.

**10. Damages ⚖221—Where jury makes specific finding of damages, prevailing party is entitled as matter of law to interest on damages from day they are sustained.**

Where damage has been found by jury on specific findings, party recovering is entitled as matter of law to interest of such damages from the day it is sustained, and trial court may include interest item in judgment, even in absence of jury finding for such interest.

Appeal from Jim Wells County Court; R. R. Mullen, Judge.

Suit by A. T. Canales against the Texas Mexican Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

L. Broeter, of Alice, for appellant.

Perkins & Floyd, of Alice, for appellee.

SMITH, J. This is a suit for damages to a carload of cattle shipped from Hebbronville, Jim Wells county, to New Orleans, La. The shipment originated on the line of the Texas Mexican Railway Company, which was sued alone, as the initial carrier. It was alleged that the cattle were delayed and roughly handled en route, resulting in the death of some of the cattle and injuries to those surviving the journey. The case was submitted upon special issues to a jury, which resolved all the submitted issues against the railway company.

[1] In addition to the special issues submitted to the jury, the trial court defined negligence, ordinary care, and the measure of damages applicable to the case, charged the jury upon the burden of proof, and instructed them that, while the railway company would not be liable for death or injuries occurring to the cattle by reason of their inherent vices, the railway company "must use ordinary care in preventing such injuries as a result of" that inherent vice. Appellant complains of these instructions upon the ground that they constituted general charges in a case otherwise submitted upon special issues.

It was, of course, proper for the court to instruct the jury as to the burden of proof, and to define negligence and ordinary care, in connection with the special issues submitted.

[2, 3] In certain special issues submitted to them, the jury were asked to state the "amount of damages" to those cattle which survived the journey to New Orleans. In view of this issue, it was proper and necessary that the jury be given a rule by which they could measure such damages, and this rule was properly given through the court's definition of the measure of damages. In this the court did not violate the rule which prohibits the submission of a cause upon both a general charge and special issues. It is the duty of the court, where a cause is submitted upon special issues, to give the jury such definitions and explanations as are necessary to enable them to intelligently resolve the special issues.

[4-6] Ordinarily, it would have been improper for the court to charge the jury generally upon the issue of liability for injuries or death resulting to the cattle on account of their inherent vices. But here this charge was incorporated into the main charge in response to a special charge requested by appellant in substantially the same form as that submitted by the court; wherefore the error, if any, was invited. But, had such charge been erroneous, it was rendered harmless by the point-blank finding of the jury that nei-

ther death nor injury occurred to the cattle by reason of any inherent vice. Appellant's first and fifth propositions are overruled. We also overrule the second proposition, in which it is contended that the verdict was against the weight and preponderance of the evidence. We do not feel warranted in overturning the verdict, in view of the evidence in the case.

[7] In his trial petition appellee alleged that appellant's negligence consisted of roughly handling and delaying the cattle throughout the entire journey from Hebbronville to New Orleans, and appellant contends that, since appellee pleaded such specific grounds of negligence, the burden rested upon him to show the specific acts, and that, failing to meet that burden, he was not entitled to recover.

[8] Where, as in this case, neither the shipper, nor any one for him, accompanies his cattle in shipment, but intrusts their care entirely to the carrier, he may recover by simply alleging and proving that the cattle were delivered in good condition to the carrier at the shipping point, and were delivered in a damaged condition by the carrier at destination.

In such case the burden rests upon the carrier to produce evidence affirmatively showing that it exercised ordinary care and diligence in receiving, transporting, and delivering the cattle, and to negative the presumption that the shipment was damaged through its negligence.

[9] From the case thus made, it is for the jury to determine from all the facts and circumstances in evidence whether the carrier has met the burden, and freed itself, of the presumption of negligence arising from the prima facie case against it.

Applying these rules, it appears from appellee's pleadings that he alleged the delivery of his cattle to the carrier in good condition and their delivery back to him in a damaged condition. It is true that, in addition to these allegations, he further averred that the carrier roughly handled and delayed the cattle along the entire route of their journey, allowing them to stand for long periods on side tracks and switches all along the route, jerking and bumping them about, causing them to get down and trample upon each other, whereby seven head of the cattle were killed or lost in transit, and all the others were injured. These allegations were general,

naming no particular point or points at which any of the alleged negligent acts were committed, but placing them generally along the entire route. It was as if he had alleged, simply and only, that the carrier "roughly handled and delayed the cattle while in transit." The allegations were subject to special exceptions aimed at their generality, but such exceptions were not made, or at least are not presented on appeal. If appellee had alleged specific acts of rough handling or delay at specific points along the route, he would have been required to prove them, and would have been confined to them in his proof of specific acts. But, because of the generality of those allegations, they can serve no purpose in this appeal in determining the effect and sufficiency of the allegation that the carirer took the cattle in good condition and delivered them in a damaged condition. Appellee alleged and proved the latter allegation, and the state of the evidence is such that we cannot say the jury was not warranted in resolving the issues against appellant. We overrule appellant's third assignment of error.

[10] Appellee prayed for interest upon his damages from the date the damages accrued. The issue of interest as damages was not submitted to, or found upon by, the jury. The court nevertheless, however, rendered judgment for such interest, and appellant challenges this action of the court. It has been held in a great many cases in Texas, almost uniformly so up to a year or two ago, that, inasmuch as the plaintiff in a suit of this character was not entitled to interest eo nomine, but only as damages, judgment therefor was authorized only in response to a specific jury finding for that purpose. But the rule, or the authorities which established and maintained it, seemingly have been superseded, so that now the established rule is that, where damage has been found by a jury upon specific findings, the party recovering is entitled, as a matter of law, to interest upon such damages from the day it is sustained, and a trial court may include the interest item in the judgment, even in the absence of a jury finding for such interest. Ewing v. Foley, 115 Tex. 222, 280 S. W. 499, 44 A. L. R. 627; Texarkana & F. S. R. Co. v. Brinkman (Tex. Com. App.) 292 S. W. 860. Upon this authority we overrule appellant's fourth proposition.

The judgment is affirmed.