THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* IRVING LEHRER, Defendant.

Court of General Sessions of County of New York, November 4, 1943.

*Samuel M. Ostroff* for defendant.

*Frank S. Hogan, District Attorney* (*Herbert K. Lippman* of counsel), for plaintiff.

STREIT, J. This is a motion for an inspection of the Grand Jury minutes.

The defendant has been indicted for the crime of grand larceny in the first degree. The first count of the indictment alleges larceny by false pretenses, in that the defendant obtained the sum of $1,800 by falsely representing and pretending to the complainant that he, the defendant, was ready, willing and able to marry the complainant and that he was unmarried at the time.

To constitute the crime of grand larceny by false pretenses, five elements must be established: (1) that there was a criminal intent to deprive and defraud the owner of her property, (2) that the defendant made a false representation of a past or existing fact, (3) that he knew that the representation was false, (4) that he obtained the property and (5) that the person to whom the representation was made relied upon that representation and was in whole or in part influenced thereby to give her property to the defendant; in other words, that the representation in whole or in part was the inducing cause of the complainant parting with her money.

The representation that the defendant was ready and willing to marry the complainant is not a representation of a past or existing fact. A representation to perform an act at some future day, in and of itself, cannot be used as a subject of prosecution for larceny by false pretenses. The representation, however, that the defendant was able to marry the complainant and that he was unmarried at the time is a representation of a past or existing fact and can form the basis of an indictment for larceny by false pretenses. This was decided as long ago as 1862, when the English Court of Criminal Appeal unanimously affirmed the conviction for the crime of obtaining money by false pretenses. (See *Reg.* v. *Jennison,* 9 Cox Cr. Ca. 158.) There the court said: " We are of the opinion that

the conviction in this case was proper. The indictment was for obtaining 8*l.* from Ann Hayes by false pretenses, and it was found by the jury that the woman parted with the money on the false representation by the prisoner that he was a single man, and the promise that he would lay out the money in furnishing a house for them to live in, and that he would then marry her. It is perfectly clear, that obtaining money by a false promise is not the subject of an indictment; but here there was the false pretence that the prisoner was an unmarried man, which was an essential fact in this case, and without which pretence the prisoner never would have obtained the money from the woman. Now, one false fact, by means of which the money is obtained, sufficiently sustains the indictment, although it may be united with false promises which would not of themselves do so. The conviction therefore was right."

It is not necessary that the false representation of a past or existing fact alleged to have been made should be the sole inducement by which the property in question is parted with, if it had a preponderating influence, sufficient to turn the scale, although other considerations operated upon the mind of the complainant. And this is true even though the complainant would not have surrendered her property solely on the pretenses alleged.

Proof of statements and representations as to the future are admissible, however, and may be taken into consideration by a jury in determining the main issue, that is, whether the representation as to a past or existing fact was made and was known to be false.

I cannot decide, as a matter of law, from a reading of the minutes of the Grand Jury whether the defendant specifically represented that he was unmarried at the time, or whether by his acts and conduct and other statements represented to the complainant that he was unmarried.

False representations may be made by acts as well as words, and may be made in any of the ways in which ideas may be communicated from one person to another.

I therefore hold that it is a question of fact whether the defendant made the representation that he was unmarried and whether the complainant relied upon such representation in whole or in part, and whether it was an inducing cause of her parting with her money.

Motion denied.