JOHN H. AWTRY, Plaintiff, *v.* EDWARD C. HILMAN et al., Defendants.

Supreme Court, Trial Term, New York County, November 8, 1948.

*J. M. Richardson Lyeth* for defendants.

*Sidney J. Loeb* for plaintiff.

BENVENGA, J. Motion to add interest to verdict.

The verdict in this action was rendered on defendants' counterclaim against plaintiff. The counterclaim was based on a cause of action in contract, for money paid by defendants to a third party for and on behalf of the plaintiff.

The evidence shows that the parties were copartners doing business in Texas; that the copartnership, at the time of its dissolution, was indebted to a Texas corporation, and that, under the Texas law, the defendants were compelled to pay their share of the indebtedness, as well as plaintiff's share, and were given a right of action therefor (*Chalk* v. *Collier,* 208 S. W. 972 [Tex.]; *Victor Refining Co.* v. *City Nat. Bank of Commerce,* 263 S. W. 622, affd. 115 Tex. 71). That the cause of action lies, and that the defendants are entitled to recover the money so paid, together with interest from the date of payment, is elementary (see 41 C. J., Money Paid, §§ 4, 5, 36).

Whether interest as damages for delay in the payment of plaintiff's obligation is governed by the law of this State, or by the law of Texas (the law of the place of performance) is not clear. There is a conflict of authority on the subject, depending upon whether the question is regarded as procedural or substantive (see Restatement, Conflict of Laws, §§ 413, 418; 25 C. J. S., Damages, § 4; cf. *Preston Co.* v. *Funkhouser,* 261 N. Y. 140, 145, affd. *sub nom. Funkhouser* v. *Preston Co.,* 290 U. S. 163, 167; *Sokoloff* v. *National City Bank,* 250 N. Y. 69, 82; *Jones* v. *Metropolitan Life Ins. Co.,* 158 Misc. 466).

Assuming, as plaintiff claims that the law of Texas is controlling, the defendants are entitled to interest at 6% from December 31, 1937, to date of payment (*Texas Mexican Ry. Co.* v. *Canales,* 299 S. W. 668, 670 [Tex.]; *Joy* v. *Peacock,* 131 S. W. 2d 1012, 1018, mod. on other grounds *sub nom. Peacock* v. *Joy,* 137 Tex. 387).

The same result follows if the question is to be determined by the law of New York (see Civ. Prac. Act, § 480; *Hart* v. *United Artists Corp.,* 252 App. Div. 133, 139; *Greater New York Coal & Oil Corp.* v. *Philadelphia & Reading Coal & Iron Co.,* 252 App. Div. 883, affd. 278 N. Y. 270).

The argument that there is no evidence that the money was paid on December 31, 1937, is without merit. The evidence establishes that the money was paid on that date. Plaintiff assumed that it was so paid, and the fact was not disputed.

There was no question of fact in this respect to be submitted to the jury. The inclusion of interest is, therefore, mandatory (*Texas Mexican Ry. Co.* v. *Canales, supra*; *Hart* v. *United Artists Corp., supra*).

The motion is granted and the clerk is directed to add interest to the verdict from December 31, 1937.