RITA S. GOLDBERG, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 18135.  Promulgated November 24, 1950.

*Frederick W. Mielke, Esq.*, for the petitioner.
*T. M. Mather, Esq.*, for the respondent.

OPINION.

MURDOCK, *Judge:* The Commissioner determined a deficiency of $1,793.96 in income tax of the petitioner for 1944.  The only assignment of error relied upon by the petitioner is that the Commissioner erred in disallowing a deduction of $3,406.06 for California State income tax assessed against the estate of Aaron Goldberg, deceased, but paid by the petitioner.  The facts have been stipulated.

The petitioner filed her individual return for 1944 with the collector of internal revenue for the first district of California.

The petitioner was the residual legatee under the will of her deceased husband, Aaron Goldberg, who died on September 22, 1942, a resident of California.  The estate was in the process of administration until final distribution of the assets and income to March 31, 1944, was made to the petitioner.  The accounting and distribution was approved by the court on April 15, 1944.

A California State income tax return for the calendar year 1943 was filed for the estate of Aaron Goldberg, deceased, on April 16, 1944, and on the same date $3,406.06, the tax due thereon, was paid by the petitioner.  The amount of that tax was claimed by the petitioner as a deduction on her Federal income tax return for 1944.  The Commissioner, in determining the deficiency, disallowed the deduction "since the tax was imposed upon the fiduciary."

The petitioner claims that she is entitled to a deduction under section 23 (c) (1) of the Internal Revenue Code for the $3,406.06, paid as California income tax on the income of the estate of her deceased husband, because of her liability for the tax as a legatee or transferee of the estate from which the tax was originally due.  Her liability, she says, is not imposed by any specific law of California but is like that of a transferee for Federal income taxes.  Cf. *Micajah Pratt Clough, Jr.*, 45 B. T. A. 97.  She refers only to California laws to enforce the liability, not to any imposing it.  Section 23 (c) (1) allows a deduction for taxes paid within the taxable year.  Taxes are deductible under that provision by one taxpayer only and that is the taxpayer upon whom they were imposed as taxes or who owned the property upon which they

were imposed. Regulations 111, section 29.23 (c)–1, Taxes–(a). *Magruder* v. *Supplee*, 316 U. S. 394; *Eugene W. Small*, 27 B. T. A. 1219. Cases determining that a particular taxpayer was the real owner of property and allowing that taxpayer to deduct for taxes imposed upon that property, are relied upon by the petitioner but are not in point. Cf. *Micajah Pratt Clough, Jr., supra.*

This was not a tax on property. It was an income tax upon the income of an estate, a different taxpayer from the individual taxpayer, the petitioner here. *Micajah Pratt Clough, Jr., supra; Herbert G. Perry, et al., Executors*, 32 B. T. A. 513; *Roy J. O'Neil, et al., Administrators*, 31 B. T. A. 727. It appears that the petitioner had no right to the income of the estate in 1943 for if she had had, the estate could have taken a deduction and shifted the tax to her. The petitioner may have become liable for the amount due as tax from the estate, but if so, her liability was that of a transferee, not that of a taxpayer. The two are different. *Oswego Falls Corporation*, 26 B. T. A. 60, affd.) 71 Fed. (2d) 673. The theory of transferee liability, to which the petitioner refers, is that if a transferee received property to which another, here the State of California, had a prior right, but the transferor had no more property, the property transferred was impressed with a trust and the transferee should return that property to the one entitled to it; i. e., it should have been used to discharge the obligation of the transferor. *A. H. Graves*, 12 B. T. A. 124; *DeForest Hulburd*, 21 B. T. A. 23, in effect affirmed, *Hulburd* v. *Commissioner*, 296 U. S. 300. A transferee is liable, to the extent of the value of property received from the transferor, for obligations of the transferor, including tax obligations. But when transferred funds are used to pay the tax of the transferor, an obligation of the transferor is being paid and in no sense is the transferee paying a tax imposed upon it. No obligation *qua* taxes was imposed upon the petitioner with respect to the income of her deceased husband's estate for 1943 and, therefore, she is not entitled to any deduction under section 23 (c) (1).

Reviewed by the Court.

*Decision will be entered for the respondent.*

HILL, *J.*, dissents.