*Decisions will be entered under Rule 50.*

DANIEL W. FARNSWORTH AND GERTRUDE A. FARNSWORTH, HIS WIFE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 60596, 64736.    Filed March 21, 1958.

*James D. Carpenter, Esq.*, for the petitioners.
*John J. Hopkins, Esq.*, for the respondent.

---

## OPINION.

OPPER, *Judge:* The parties are in accord on a number of subordinate questions. Respondent apparently concedes that a partnership agreement can be amended during the term of a partnership to alter the respective interests in partnership income or loss. See, e. g., *John G. Curtis*, 12 T. C. 810, affd. (C. A. 7) 183 F. 2d 7; *Frederick S. Klein*, 25 T. C. 1045. Petitioner on the other hand appears to accept the proposition that a partner may not deduct as a personal

expense or loss any part of the partnership expenditures. *Western Construction Co.*, 14 T. C. 453, 471, affirmed per curiam (C. A. 9) 191 F. 2d 401. The essence of the controversy appears to be whether after a partnership has ceased to exist, agreement by one of the partners to assume a liability of other partners is effective as anything more than a voluntary renunciation of the right of contribution which the paying partner would otherwise inevitably have acquired.

Four different types of payments are in issue but basically they involve a similar situation, with one exception. Petitioner paid the New York State unincorporated business tax levied on the partnership which was a joint and several obligation of all of the parties, N. Y. Partnership Law, sec. 26; N. Y. Tax Law, sec. 386–a; the New York State personal income taxes of the partners, which were their own separate liability; interest which had accrued on both of the foregoing; and the fee of the attorneys who ultimately arranged for the payment of the two types of taxes without penalty and in installments. To complicate the situation further, the taxes were paid with respect to partnerships which were no longer in existence by the express terms of the individual partnership agreements, which had been constituted of a number of varying partners, none of whom, with one exception, continued into the taxable year in any partnership relation with petitioner, and a number of whom were close relatives of petitioner, and others longtime employees of the family business.

Respondent contends that under these circumstances the petitioner's payments of taxes due from others were gifts to them. In spite of petitioner's denials there is substantial evidence to support such a conclusion. But we need not go so far. The only present question is whether these payments were deductible by petitioner either as ordinary and necessary business expenses, as taxes paid, or as a loss sustained in a transaction entered into for profit. They were certainly not petitioner's taxes and as such could not be deducted by him. *Rita S. Goldberg*, 15 T. C. 696; *Magruder v. Supplee*, 316 U. S. 394. They were not the ordinary nor indeed any necessary expense of any business then being conducted by petitioner personally.[1] Nor on this record can we conclude that they were uncompensated losses sustained by petitioner in a profit transaction. It is, to be sure, contended that petitioner could not settle his own liability for the taxes

---

[1] "Ordinary and necessary expenses of a partnership business are properly deducted on the partnership return, and the partner then returns as an individual his distributive share of the net income of the partnership after making such deductions. He can not take ordinary and necessary expenses of the partnership as a deduction on his individual return. In the present case * * * the expenditures seem to have been made on behalf of the partnership, and, if they were ordinary and necessary expenses paid or incurred in the operation of any trade or business, it was the partnership business and not an individual business * * *." (*Hiram C. Wilson*, 17 B. T. A. 976, 979.)

in question without disposing of all of the New York State claims in one arrangement and that his ex-partners were unwilling to concede their liability. But as the case is presented, we are unable to find that any defense the ex-partners may have had would have been effective, nor indeed that it was necessary for petitioner to relinquish his rights of contribution had he made the settlement by paying the entire amount and seeking to recover from the ex-partners.

It is apparently conceded, and in fact contended by petitioner, that since this was a joint and several obligation of all of the ex-partners, petitioner could in the first instance have been held liable for the full amount. N. Y. Partnership Law, sec. 26; N. J. Stat. Ann., sec. 42:1–15. There is no showing that such a payment if made by petitioner would not under the applicable New York and New Jersey law have conferred upon him full rights of contribution from those jointly liable. See *Helvering* v. *Fitch*, 309 U. S. 149; *Helvering* v. *Leonard*, 310 U. S. 80; *Bonney* v. *Commissioner*, (C. A. 2) 247 F. 2d 237, affirming 24 T. C. 199, certiorari denied 355 U. S. 906.[2] The indications are, in fact, to the contrary. *Hewlett* v. *Van Voorhis*, 196 App. Div. 322, 187 N. Y. S. 533, 539, affirmed per curiam 233 N. Y. 642, 135 N. E. 952; see *Jarvie* v. *Arbuckle*, 163 App. Div. 199, 148 N. Y. S. 189, affirmed per curiam 220 N. Y. 731, 116 N. E. 1053; see also *Awtry* v. *Hilman* 193 Misc. 693, 85 N. Y. S. 2d 146; *Clayton* v. *Davett*, (N. J. Ch.) 38 Atl. 308; *In re Pangborn*, (W. D., Mich.) 185 F. 673; 68 C. J. S., sec. 557. His voluntary relinquishment of the payments which he could thus otherwise have exacted [3] leaves him in no better position than any taxpayer who fails to pursue his rights of recoupment where payment of the obligation of another has been made. *Herman Axelrod*, 18 B. T. A. 927; *Thom* v. *Burnet*, (C. A., D. C.) 55 F. 2d 1039, affirming 17 B. T. A. 1185; *Charles J. Matthews*, 8 T. C. 1313, 1319; *Hal E. Roach*, 20 B. T. A. 919, 925; *Glendinning, McLeish & Co.*, 24 B. T. A. 518, affd. (C. A. 2) 61 F. 2d 950; *Horace E. Podems*, 24 T. C. 21. We conclude that the unincorporated business tax, the income tax, and the interest thereon, which were not the ultimate liability of petitioner, are not proper deductions.

A different conclusion, however, seems to us required with respect to the counsel fees paid by petitioner. While it is true that the subject matter of the work of the attorneys included a settlement of the claim ultimately payable by petitioner's ex-partners as well as by him, the total amount of the partnership tax could as we have said

[2] "The taxpayer has the burden of showing by 'clear and convincing proof' that the local law supports his contentions." (*Bonney* v. *Commissioner*, 247 F. 2d 237, 239).

[3] What we have said applies primarily to the unincorporated business tax. With respect to the New York State personal income taxes, the case is even weaker and the non-deductibility of the payment even more clearly demonstrated. Petitioner's attorney was instructed by him to pay the personal income taxes "for the account of the other partners." They took deductions themselves for such taxes thus paid.

have been collected from him in the first instance. Whatever success the attorneys had in eliminating the penalties and making provision for installment payments was an advantage to him for which they were entitled to compensation. Any benefit to the other obligors seems to us to have been merely incidental. There is no suggestion that the fee charged was not reasonable for the services performed. The entire amount of the attorneys' fee was in our view, accordingly, a proper deduction.

*Decisions will be entered under Rule 50.*