RONALD EDWARD FISHER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Fisher v. Commissioner
Docket No. 5630-84.
United States Tax Court
T.C. Memo 1986-141; 1986 Tax Ct. Memo LEXIS 464; 51 T.C.M. (CCH) 815; T.C.M. (RIA) 86141; April 14, 1986. Ronald Edward Fisher, pro se. Thomas C. Morrison, for the respondent. SWIFT
MEMORANDUM FINDINGS OF FACT AND OPINION SWIFT, Judge: In a statutory notice of deficiency dated December 6, 1983, respondent determined a deficiency in petitioner's 1980 Federal income tax liability in the amount of $2,235. The issues for decision are: (1) Whether petitioner is entitled to deductions claimed for expenses incurred in connection with his activities as an author; (2) whether petitioner sustained a long-term capital *466 loss resulting from the sale by a pawnbroker of a stamp collection held as collateral for a loan to petitioner; and (3) whether petitioner is entitled to a deduction for an office in his home. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioner resided in Woodbridge, Virginia, at the time he filed the petition in this case. Petitioner's 1980 Federal income tax return was timely filed. Petitioner is the author of a book entitled "The Concept of Judicial Activism," which is an adaption of his thesis for a master's degree.Pursuant to a contract with Banner Books, Inc., petitioner paid Banner Books in 1976 and 1977 a total of approximately $5,500 to publish and market 4,000 copies of his book. Under the contract, Banner Books promised petitioner a royalty of $2.95 for each hardcover copy of his book that was sold and $1.98 for each softcover copy of his book that was sold. Petitioner received $38.41 in royalties from Banner Books prior to its filing a petition of bankruptcy in 1979. Petitioner received from the bankruptcy trustee 100 copies of the hardcover edition of his book and 343 copies of the softcover edition of his book. In *467 1977, petitioner and a partner formed R.J. Associates, Ltd., a New Jersey partnership, to publish and market books and manuscripts. Petitioner intended to promote his book, "The Concept of Judicial Activism," through R.J. Associates and made several trips to New Jersey and elsewhere in that regard. Petitioner, however, kept no records, logs, or other contemporaneously prepared documents to substantiate the expenses he incurred while traveling away from home to promote his book. Petitioner has been an avid stamp collector since his youth and, as of 1978, had acquired a large stamp collection. No records of stamp purchases were kept by petitioner, but he obtained a professional appraisal of his collection in April of 1978, which concluded that the replacement value for the stamp collection was $2,687.50. On May 16, 1978, petitioner pledged his stamp collection to a pawnbroker as collateral for a $1,000 loan. In 1980, the pawnbroker declared the loan in default and sold the stamp collection to satisfy the loan. The amount for which the stamp collection was sold by the pawnbroker is not established in the record. Petitioner deducted as a charitable contribution on his 1980 Federal *468 income tax return $573 relating to an office in his home. The office consisted of a corner of one room in his apartment which was used by petitioner to conduct certain activities in connection with his responsibilities as a board member of a local charitable organization. The amount deducted apparently represents 15 percent of the yearly rent petitioner paid for his apartment. Petitioner was not paid any salary by the charitable organization with which he was affiliated, and he received no income attributable to the use of his home "office." OPINION Schedule C Deductions
Petitioner deducted on Schedule C of his 1980 Federal income tax return $7,300 for business expenses incurred in 1980 in connection with his activities as an author. Of that amount, $800 allegedly related to automobile expenses incurred while traveling away from home, and $6,500 allegedly related to expenses for "books, manuscripts, and marketing." Respondent disallowed the entire $7,300 for lack of substantiation. Section 274(d) [1] allows a deduction for expenses incurred while traveling away from home only if the taxpayer substantiates by adequate records or by sufficient evidence corroborating *469 his own statement the amount, time, place, and business purpose of such travel. See sec. 1.274-5(b)(2), Income Tax Regs. Petitioner's testimony at trial with respect to automobile expenses was general and vague, [2] and he did not produce any written documentation which would verify that he incurred automobile expenses in connection with any business activity in the amount of $800. We sustain respondent on this issue. *470 The remaining $6,500 deducted by petitioner for "books, manuscripts, and marketing" was explained by petitioner as relating to possible future royalties petitioner was forced to forego as a result of the bankruptcy of Banner Books and its inability to market petitioner's book. Petitioner admitted, however, that he did not report as income on his 1980 Federal income tax return any future royalties he anticipated would be paid under the contract with Banner Books. At trial, petitioner characterized the $6,500 deduction as a "capital loss" on his "investment" in the contract with Banner Books. It is well established that a cash basis taxpayer is not entitled to deduct the loss of potential, unreported income. Hort v. Commissioner,313 U.S. 28, 33 (1941); Escofil v. Commissioner,464 F.2d 358 (3d Cir. 1972); Rink v. Commissioner,51 T.C. 746, 753 (1969). Petitioner has failed to establish losses or expenses in the amount of $7,300 with respect to the contract with Banner Books in 1980. We sustain respondent on this issue. Loss on Sale of Stamp Collection
Petitioner deducted on his 1980 Federal income tax return as a *471 capital loss $6,200 with respect to the forced sale by a pawnbroker of his stamp collection in 1980. Petitioner claims a basis in the stamp collection in the amount of $7,400. Respondent disallowed the deduction because petitioner did not substantiate the amount of any loss. The loss from the sale or other disposition of an asset cannot exceed the taxpayer's adjusted basis in the asset. Sec. 1.165-1(c), Income Tax Regs. The burden of proving the amount of the loss is on petitioner. Millsap v. Commissioner,46 T.C. 751, 760 (1966), affd. 387 F.2d 420 (8th Cir. 1968). A loss cannot be computed where the taxpayer's basis in the property is not proven. Towers v. Commissioner,24 T.C. 199, 239 (1955), affd. on other grounds sub nom. Bonney v. Commissioner,247 F.2d 237 (2d Cir. 1957); Heckett v. Commissioner,8 T.C. 841 (1947). Petitioner has failed to establish that the basis of his stamp collection exceeded $1,000, the amount he received from the pawnbroker. Petitioner testified that he did not maintain records of his stamp purchases and that he had only a rough estimate of his basis in the collection. *472 The only evidence of the stamp collection's value is the appraisal, which indicated that the replacement cost of the collection was $2,687.50. We are not convinced that the cost basis of the collection, which petitioner had been building since his youth, exceeded $1,000. We sustain respondent on this issue. Office in the Home
Finally, petitioner deducted $573 for an office in his home, which amount represents 15 percent of his yearly apartment rent. Petitioner claimed this amount on his 1980 Federal income tax return as a charitable contribution because, he contends, he used a corner of his apartment in connection with his duties as a board member of a local charitable organization. Petitioner earned no income in that capacity. At trial, petitioner recharacterized the deduction as a business expense. Respondent disallowed the deduction because petitioner had not made a contribution "to or for the use of" any charitable organization as required by section 170(c), and because petitioner has not substantiated that any out-of-pocket, unreimbursed expenses were incurred in connection with his furnishing of personal services to the charitable organization. See sec. 1.170A-1(g), *473 Income Tax Regs.[3] In addition, respondent argues that any deduction with respect to the business use of petitioner's personal residence is limited to the gross income petitioner received from such use. Sec. 280A(c)(5). [4]
*474 We agree with respondent. Although we do not doubt that petitioner engaged in commendable charitable activities, he has not substantiated any out-of-pocket expenses incurred in connection therewith. Moreover, petitioner has failed to demonstrate that he meets the requirements of section 280A(c)(1), for example, that the home office be used exclusively on a regular basis as the principal place of business for a trade or business or as a place of business used by patients, clients, or customers in meeting or dealing with petitioner in the normal course of his trade or business. We hold for respondent on this issue. Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as in effect during the year in issue. Section 274(d) provides, in relevant part: (d) Substantiation Required.--No deduction shall be allowed-- (1) under section 162 or 212 for any traveling expense (including meals and lodging while away from home), * * * unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense or other item, (B) the time and place of travel, entertainment, amusement, recreation, or use of the facility, or the date and description of the gift, (C) the business purpose of the expense or other item, and (D) the business relationship to the taxpayer of persons entertained, using the facility, or receiving the gift. * * * ↩
2. THE COURT: * * * What about the mileage, what do you want to say about the mileage * * *. THE WITNESS: Self-promotion of my book, sir. THE COURT: Well, tell us what you did, where you traveled, and how you figured that $800. THE WITNESS: Well, I traveled to various organizations around the country to promote it, going from one printer to the other one, advertising it to the other -- American Legion comes to mind, many trips to the New York are to advertise the book, and that's 500 miles a clip, round trip. And I think -- it's a guesstimated figure, as near as I could tell. There may be some receipts to substantiate it; it doesn't quickly come to my mind to let me know which receipts were available to arrive at that figure, but that's the best I can say on it. * * *↩
3. Sec. 1.170A-1(g), Income Tax Regs., provides in relevant part: (g) Contributions of services.No deduction is allowable under section 170 for a contribution of services. However, unreimbursed expenditures made incident to the rendition of services to an organization contributions to which are deductible may constitute a deductible contribution. * * * ↩
4. Sec. 280A(c)(5) provides: (c) Exceptions for Certain Business or Rental Use; Limitation on Deductions for Such Use. * * * (5) Limitation on Deductions.--In the case of a use described in paragraph (1), (2), or (4), and in the case of a use described in paragraph (3) where the dwelling unit is used by the taxpayer during the taxable year as a residence, the deductions allowed under this chapter for the taxable year by reason of being attributed to such use shall not exceed the excess of-- (A) the gross income derived from such use for the taxable year, over (B) the deductions allocable to such use which are allowable under this chapter for the taxable year whether or not such unit (or portion thereof) was so used.↩