T.C. Summary Opinion 2009-190


UNITED STATES TAX COURT


JUSTIN M. ROHRS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 14109-08S.                    Filed December 10, 2009.


Justin M. Rohrs, pro se.

Michael A. Skeen and Sarah Sexton (specially recognized),
for respondent.


GERBER, Judge:  This case was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect
when the petition was filed.[1]  Pursuant to section 7463(b), the
decision to be entered is not reviewable by any other court, and

---

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the year in issue.

this opinion shall not be treated as precedent for any other case.

For petitioner's 2005 tax year respondent determined a $6,230 income tax deficiency and a $1,246 accuracy-related penalty under section 6662(a). The issues for our consideration are: (1) Whether petitioner is entitled to a casualty loss deduction for 2005; and (2) whether petitioner is liable for the section 6662(a) accuracy-related penalty.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in California when his petition was filed.

On August 12, 2005, petitioner purchased a 2006 Ford F-350 pickup truck for $40,210.65. On October 28, 2005, petitioner attended a gathering at a friend's house. Anticipating that he would be drinking alcohol, he arranged for transportation to and from his home. After returning home petitioner decided to drive to his parents' house. On the way there he failed to successfully negotiate a turn, and his truck slid off an embankment. The truck rolled over and was severely damaged. Because his blood-alcohol level was 0.09 percent, he was cited and arrested for driving under the influence of alcohol (DUI).

The legal threshold for blood-alcohol level in the State of California is 0.08 percent. He was then taken to the hospital.

Petitioner's loss claim filed with his automobile insurance carrier was denied in accordance with the terms of his policy because of his DUI citation and arrest.

On April 13, 2006, petitioner filed his 2005 Form 1040, U.S. Individual Income Tax Return. On that return he claimed a $33,629 casualty loss deduction for the damage to his truck. On March 25, 2008, respondent issued a notice of deficiency disallowing petitioner's casualty loss deduction and determining a $6,230 income tax deficiency and a $1,246 section 6662(a) accuracy-related penalty for petitioner's 2005 tax year. On June 9, 2008, petitioner filed a timely petition with this Court.

## Discussion

Section 165(a) allows a deduction for losses not compensated for by insurance or otherwise. If a loss is not incurred in connection with a trade or business or in a transaction entered into for profit, it may be deducted by an individual if it arises from a fire, storm, shipwreck, or other casualty, or from theft, except as provided in section 165(h). Sec. 165(c)(3). There is no question about whether petitioner's loss generally qualified as a casualty loss under section 165.

Although negligence may not be a bar to a casualty loss deduction, courts have held that gross negligence may be. <u>Heyn</u>

v. Commissioner, 46 T.C. 302, 308 (1966).  In addition, section 1.165-7(a)(3), Income Tax Regs., provides that an automobile may be the subject of a casualty loss when the damage is not due to the willful act or willful negligence of a taxpayer.

Petitioner concedes that his act of driving while intoxicated constitutes negligence.  Petitioner, however, disagrees with respondent's contention that his behavior rose to the level of gross or willful negligence, thereby barring a casualty loss deduction.

Neither the Internal Revenue Code nor the underlying regulations define "willful negligence" for purposes of section 1.165-7(a)(3), Income Tax Regs.  Respondent argues that the definitions of "willful negligence" and "gross negligence" are supplied by caselaw.  Respondent relies upon People v. Bennett, 819 P.2d 849 (Cal. 1991), in support of his position.

In People v. Bennett, supra, a driver was convicted of vehicular manslaughter and gross negligence while driving under the influence of alcohol.  Before driving, Mr. Bennett and three friends shared the entire contents of a keg of beer.  He was then involved in a single-car accident in which one of his friends died.  Mr. Bennett's blood-alcohol level was measured at 0.20 percent 2 hours after the accident.  In affirming his conviction, the California Supreme Court defined gross negligence as "the exercise of so slight a degree of care as to raise a presumption

of conscious indifference to the consequences." Id. at 852. The court further explained that "The state of mind of a person who acts with conscious indifferences to the consequences is simply, 'I don't care what happens'." Id. (quoting People v. Olivas, 218 Cal. Rptr. 567, 569 (Ct. App. 1985)). The court held that conscious indifference could be inferred from the severity of defendant's intoxication:

> "one who drives with a very high level of intoxication is indeed more negligent, more dangerous, and thus more culpable than one who drives near the legal limit of intoxication, just as one who exceeds the speed limit by 50 miles per hour exhibits greater negligence than one who exceeds the speed limit by 5 miles per hour."

Id. at 853 (quoting People v. Von Staden, 241 Cal. Rptr. 523, 527 (Ct. App. 1987)).

We agree with petitioner that his actions did not amount to willful or gross negligence. While petitioner's decision to drive after drinking was negligent, that alone does not automatically rise to the level of gross negligence. "'[G]ross negligence cannot be shown by the mere fact of driving under the influence and violating the traffic laws.'" Id. at 852 (emphasis added) (quoting People v. Von Staden, supra at 527). The overall circumstances of the defendant's actions, including the level of intoxication and/or the manner in which he drove must be considered. Id. at 853.

The circumstances do not support a holding that petitioner was willfully or grossly negligent. Petitioner's level of

intoxication and the manner in which he drove do not suggest that he was consciously indifferent to the hazards of drunk driving. Unlike the defendant in People v. Bennett, supra, petitioner was less impaired and not severely intoxicated when he chose to drive. At the time of the accident petitioner's blood-alcohol level was 0.09 percent, which is slightly over California's legal limit of 0.08 percent. See Cal. Veh. Code sec. 23152 (West 2000). Further and significantly distinguishing petitioner's situation from that in People v. Bennett, supra, petitioner made arrangements not to drive immediately after consuming alcohol. He arranged for transportation home and thus allowed some time for his body to process the alcohol before driving. If petitioner truly did not care what happened, he would not have gone to the trouble to arrange for transportation.

Likewise, there is no evidence in the record that petitioner was aware his actions would result in injury. In addition, there was no evidence that excess speed or alcohol directly caused petitioner's accident. On brief, petitioner claimed he lost control of his vehicle because of the windy conditions on the road, and no evidence was presented at trial as to what the precise cause of petitioner's accident was.

In the alternative, respondent contends that petitioner's casualty loss deduction should not be allowed because to do so would frustrate public policy.

Courts have disallowed deductions where national or State public policy would be frustrated by the allowance of a deduction. <u>Commissioner v. Heininger</u>, 320 U.S. 467, 473 (1943). However, this rule is not applied indiscriminately. <u>Tank Truck Rentals, Inc. v. Commissioner</u>, 356 U.S. 30, 35 (1958). "[T]he test of nondeductibility always is the severity and immediacy of the frustration resulting from allowance of the deduction." <u>Id.</u>

California, like most other States, has "a strong public policy against * * * drunk driving." <u>Carrey v. Dept. of Motor Vehicles</u>, 228 Cal. Rptr. 705, 708 (Ct. App. 1986). But the fact that petitioner's loss may have resulted from his drunk driving does not ipso facto mean a casualty loss deduction would severely and immediately frustrate public policy. "It has never been thought * * * that the mere fact that an expenditure bears a remote relation to an illegal act makes it non-deductible." <u>Commissioner v. Heininger</u>, <u>supra</u> at 474.

In cases where a deduction has been denied, the taxpayers typically knew their actions encouraged an illegal activity or were illegal. See <u>Blackman v. Commissioner</u>, 88 T.C. 677 (1987) (arson), affd. without published opinion 867 F.2d 605 (1st Cir. 1988); <u>Holt v. Commissioner</u>, 69 T.C. 75 (1977) (drug trafficking), affd. per curiam 611 F.2d 1160 (5th Cir. 1980); <u>Mazzei v. Commissioner</u>, 61 T.C. 497 (1974) (counterfeiting); <u>Towers v. Commissioner</u>, 24 T.C. 199 (1955) (extortion payment),

affd. 247 F.2d 233 (2d Cir. 1957), affd. on other grounds sub nom. Bonney v. Commissioner, 247 F.2d 237 (2d Cir. 1957); Hackworth v. Commissioner, T.C. Memo. 2004-173 (illegal gambling).

In contrast, petitioner believed that he was no longer impaired or intoxicated at the time he chose to drive.  Moreover, he had taken precautions to avoid driving immediately after drinking.  There was no evidence that intoxication, high speed, or reckless driving was the ultimate cause of petitioner's accident.  Where the taxpayer is reasonably unaware that he is doing something wrong, it is less likely that allowance of a casualty loss deduction would so severely frustrate public policy as to require disallowance.

In Tank Truck Rentals, Inc. v. Commissioner, supra, the taxpayer attempted to deduct as business expenses fines imposed for violations of State maximum weight laws.  The Court disallowed the deduction because the "Deduction of fines and penalties uniformly has been held to frustrate state policy in severe and direct fashion by reducing the 'sting' of the penalty prescribed by the state legislature."  Id. at 35-36.

By contrast, allowing petitioner's casualty loss deduction would not in any way alleviate the "sting" of any punishment imposed by the State of California.  In California, a first-time DUI offense is punishable by imprisonment of at least 96 hours

and a fine of at least $390.  See Cal. Veh. Code sec. 23536 (West Supp. 2009).  Petitioner's casualty loss deduction would have no impact on either the sentence or the fine.

This Court is not empowered to judge petitioner's actions from a criminal perspective or to punish him for his actions.  In reaching our decision, we do not reflect upon or in any way condone the act of driving under the influence of alcohol.  It is our obligation to decide whether petitioner's actions amounted to gross or willful negligence and/or whether the allowance of a casualty loss deduction in the setting of this Federal income tax case would frustrate public policy.

We hold that petitioner is entitled to the claimed casualty loss deduction and, accordingly, is not liable for the section 6662(a) accuracy-related penalty.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for petitioner</u>.