JOHN HYDE, Appellant, v. JUAN VINOLAS and Others, Respondents.

First Department, January 15, 1932.

*David Haar* of counsel [*Julius Kendler*, attorney], for the appellant.

*Harry Sand* of counsel [*Samuel Kaufman* with him on the brief], for the respondents.

SHERMAN, J. The action is for damages for breach of a written agreement. During plaintiff's examination as a witness the court interrupted to inquire whether or not plaintiff intended to prove that he was licensed under section 172 of the General Business Law, which requires a license for the conduct of an employment agency. Plaintiff conceded that he had not obtained such a license. The court thereupon dismissed the complaint.

The defendants are actors. It is contended by appellant that the contract comes within subdivision 4 of section 171 of the General Business Law, as amended by chapter 770 of the Laws of 1917. That amendment appears to be designed to exempt from the scope of the statute's license requirement contracts relating to the procurement of theatrical employment where the seeking of employment for another was only incidental to the business of managing " entertainments, exhibitions, or performances, or the artists or attractions constituting the same."

The learned Trial Term held that as a matter of law the " seeking of employment " by plaintiff in defendants' behalf was not merely

" incidentally " involved, but was the dominant feature of the contract.

The writing recited the inexperience of defendants and the qualification of plaintiff to act as their adviser, and plaintiff specifically agreed to counsel and advise with defendants in all matters relating to their professional careers and engagements and to attend to their bookings and look after their publicity and advertising. While of course the purpose in the minds of both parties was to obtain for defendants advantageous engagements and pecuniary compensation, we may not ignore plain language found in the agreement. Indeed the contract sets forth that plaintiff " is not employed by the parties of the second and third parts to procure or provide them with engagements or offers or promises of information where engagements may be procured, but is hereby engaged by the parties of the second and third parts as their personal representative, adviser and manager with regard to their professional theatrical careers."

It is true that the plaintiff is to be compensated by the percentage of defendants' earnings and that the contract was made conditional upon plaintiff's procuring an engagement for defendants on or before November 1, 1926. Upon his failure so to do the contract by its terms is to terminate. Moreover, the plaintiff guarantees the collection by the defendants of fixed minimum amounts for services whenever actually employed and agrees furthermore, to advance their expenses for railroad fares and hauling of baggage.

Under these circumstances a question of fact was presented as to whether or not management, within the wording of the statute, was the principal attribute of the agreement and the obtaining of employment an incident thereto or whether the converse be true. Upon proof of all the facts and circumstances including the conduct of the parties, that question may be solved by a jury.

The judgment appealed from should be reversed, and a new trial ordered, with costs to appellant to abide the event.

FINCH, P. J., MERRELL, O'MALLEY and TOWNLEY, JJ., concur.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.