THE MAYAGUEZ DRUG COMPANY, INC., Appellant, *v.* THE GLOBE AND RUTGERS FIRE INSURANCE COMPANY OF NEW YORK, Respondent.

(Argued October 24, 1932; decided November 29, 1932.)

*B. F. Norris* for appellant. The plaintiff as a matter of law is entitled to interest. (Civ. Pr. Act, § 480.) The plaintiff followed the proper procedure to raise the question hereby presented. (*Wirt* v. *Reid,* 138 App. Div. 760; *Spielter* v. *North German Lloyd S. S. Co.,* 232 App. Div. 104; *Fox Co.* v. *Wohl,* 255 N. Y. 268; *Duerr* v. *Consolidated Gas Co.,* 104 App. Div. 465.)

*Robert P. Schur, Robert J. Fox* and *Hugo Wintner* for respondent. The affidavit of the juror was incompetent

to impeach the verdict and it is evasive and disingenuous. (*Stromblad* v. *Hanover Fire Ins. Co.*, 121 Misc. Rep. 322; *Miller* v. *Gerard*, 200 App. Div. 870.) If there were any ambiguity about the verdict its interpretation would depend upon the construction given by the tribunal which rendered the decision. (*Klausner* v. *Queens Fur Dressing Co.*, 130 Misc. Rep. 579; 223 App. Div. 829.)

*Per Curiam.* Defendant issued policies of insurance against damage by fire to plaintiff's property. A fire occurred and damage resulted. The complaint demands the sum of $70,200 with interest thereon from the date of the fire. The sealed verdict as reported in open court was for the amount of $55,000. Plaintiff moved to amend the clerk's minutes by adding interest. This motion was denied and the order of denial was affirmed by a divided court. From the final judgment plaintiff appeals to this court. Since the judgment is final and was rendered by a divided Appellate Division, it is appealable as of right.

During the trial, counsel for plaintiff mentioned the calculation of interest and the justice stated that it could later be calculated. The matter never was presented to the jury. It was instructed to consider only the question whether plaintiff is entitled to $70,200 or any portion thereof, or whether defendant should have a verdict. The subject of interest received no treatment in the charge. On the motion to amend the verdict one of the jurors executed an affidavit in which he stated that the question whether interest should be included in the verdict was discussed by the jury and that they unanimously reached the conclusion that they had nothing to do with interest which in their opinion was a matter for the judge. This juror added that the verdict for $55,000 represented the jury's opinion respecting the value of the property alone and did not include interest. The affidavit was not received for the purpose of upsetting a verdict. No one presented any contrary version by

affidavit. As matter of law, interest must be added to the amount recovered. (Civ. Prac. Act, § 480.) In view of the uncontradicted statements in the juror's affidavit to the effect that interest was not added, the ambiguous proceeding at the trial when the verdict was rendered cannot be deemed to raise an issue of fact. The foreman's answer to the justice clearly resulted from a misunderstanding.

The motion to dismiss the appeal should be denied and the judgment of the Appellate Division and that of the Trial Term should be modified by directing the addition of interest to the sum of $55,000 and as so modified affirmed, with costs to appellants in all courts. (See 260 N. Y. 567, 681.)

POUND, Ch. J., CRANE, LEHMAN, KELLOGG, O'BRIEN, HUBBS and CROUCH, JJ., concur.

Judgment accordingly.