ADELE FRAIOLI, Individually and as Guardian ad Litem of JENNIE FRAIOLI, an Infant under the Age of Fourteen Years, Respondent, v. THE CITY OF MOUNT VERNON, Appellant, and WESTCHERSTER LIGHTING Co., Defendant.— In an action to recover for damages sustained as the result of an electric shock received by contact with a fire alarm box attached to a wooden pole in a public street, on appeal by defendant, City of Mount Vernon, judgment and order of the City Court of Mount Vernon unanimously affirmed, with costs. No opinion. Present — Hagarty, Davis, Adel, Taylor and Close, JJ.

GREATER NEW YORK COAL & OIL CORPORATION, Respondent, v. PHILADELPHIA & READING COAL AND IRON COMPANY, Defendant, and GREATER NEW YORK COAL DISTRIBUTING Co., INC., Appellant.— Order denying motion of defendant Greater New York Coal Distributing Co., Inc., to strike out of the judgment so much thereof as includes interest from August 11, 1930, to January 25, 1936, on the verdict of $50,000 in favor of plaintiff, affirmed, with ten dollars costs and disbursements. The jury rendered a sealed verdict, which was opened on January 25, 1936. On January 27, 1936, defendant-appellant moved to set aside the verdict and for a new trial. The court reserved decision and ordered briefs by February 8, 1936. On April 20, 1936, defendant-appellant's motions were denied and on April 22, 1936, by direction of the court, interest was added to the amount of the verdict from August 11, 1930, the only date when the breach, if any, could occur under the pleadings. It is urged, among other things, that it was error for the court, after the expiration of the January, 1936, term to add to the verdict interest from the date of the breach of the contract to the date the verdict was rendered. We hold that under a fair construction of section 480 of the Civil Practice Act, particularly where, as here, the court reserved decision on defendant-appellant's motions and did not decide them until after the expiration of the January, 1936, term, the court had power to add interest to the verdict. (*Mayaguez Drug Co.* v. *G. & R. F. Ins. Co.*, 260 N. Y. 356; *McLaughlin* v. *Brinckerhoff*, 222 App. Div. 458; *Quinn* v. *Sigretto*, 229 id. 727; *Newburgh Dress Co., Inc.*, v. *Nadler & Nadler, Inc.*, 251 id. 330.) Here the court still had the case before it, in effect, since the judgment had not been entered when the interest was added. Hence the court had the power to act under the principle of *Mayaguez Drug Co.* v. *G. & R. F. Ins. Co.* (*supra*). In *Urband* v. *Lubell* (245 N. Y. 156) the judgment had been entered when the court acted. Hagarty, Carswell, Johnston, Taylor and Close, JJ., concur.

FLORENCE GRINWALD, Appellant, v. SIDNEY GRINWALD, Defendant.— Judgment dismissing the complaint in an undefended action for absolute divorce reversed on the law, without costs, and an interlocutory judgment of divorce directed in favor of plaintiff, without costs. The fifth finding of fact is modified by striking out the word " with " in the second line thereof, and by inserting in its place the word " without." The conclusions of law are struck out, and in their place is inserted the following conclusion: The plaintiff is entitled to an interlocutory judgment against the defendant. We are of opinion there was no collusion. Carswell, Davis, Johnston and Adel, JJ., concur; Hagarty, J., dissents, being of opinion that the trial court's determination of the quality of the evidence should not be disturbed.