■ MANNIE GREENFIELD, Respondent, v. PETER TRIPP, Appellant.— In an action to recover damages for breach of contract, the appeal is (1) from a judgment, entered on a jury's verdict, in favor of respondent, and (2) from an order resettling said judgment so as to add interest thereto. Judgment and order unanimously affirmed, with one bill of costs. Whether the relationship of respondent to appellant was that of a theatrical employment agency, in which event respondent required a license, or that of a manager, in which event he did not, was a question of fact to be resolved by the jury. (*Mandel* v. *Liebman,* 303 N. Y. 88; *Hyde* v. *Vinolas,* 234 App. Div. 364.) Interest was properly added to the verdict (*Mayaguez Drug Co.* v. *Globe & Rutgers Fire Ins. Co.,* 260 N. Y. 356), even though the complaint contained no specific demand for interest. (Civ. Prac. Act, § 480; *Flamm* v. *Noble,* 296 N. Y. 262.) Present — Nolan, P. J., Beldock, Christ, Pette and Brennan, JJ.

■ In the Matter of the Claim of MARY F. ABRUZZO, an Infant by S. FRANK ABRUZZO, Her Guardian ad Litem, Respondent, et al., Petitioner, against CITY OF NEW YORK, Appellant.— Appeal from so much of an order as granted leave to the respondent, pursuant to subdivision 5 of section 50-e of the General Municipal Law, to file a belated and formal notice of claim for damages for personal injuries. It appears without contradiction that about 22 days subsequent to the expiration of the 90-day period following the accident the respondent served an informal holographic notice of claim on appellant. Order insofar as appealed from unanimously affirmed, with $10 costs and disbursements. No opinion. Present — Nolan, P. J., Beldock, Christ, Pette and Brennan, JJ.