Matthew M. Levy, J.
The defendant has applied for an order directing the Clerk of Special and Trial Term, Part VI, to cor *736 rect the entry in his minutes in respect of the verdict in this action, by deleting the interest added thereto after the rendition of the verdict and to resettle the judgment entered herein so as to expunge the interest.
The plaintiff' is a textile converter. It engaged the defendant under contract to do certain quilting, combining and stitching on the plaintiff’s fabrics. This relationship gave rise to this suit wherein the plaintiff demanded $15,060.68, plus interest and costs. Six causes of action were presented, as follows: (1) for $7,413.92, damages for breach of contract in that the defendant stitched a certain quantity of fabrics of that value, not in accordance with the plaintiff’s work orders; (2) for $603.90, damages for breach of contract in that the defendant stitched another batch of fabrics so valued, not in accordance with the plaintiff’s instructions; (3) for $530.10, for moneys paid to the defendant by the plaintiff on defendant’s demand and under duress; (4) for $4,079.45 damages for conversion by the defendant of a certain quantity of fabrics belonging to the plaintiff, alleged to be worth that sum; (5) for $2,379.56 damages in that certain of plaintiff’s merchandise, returned to the plaintiff by the defendant, was not then in the same good condition as theretofore delivered by the plaintiff to the defendant, but was in a damaged state; and (6) for $53.75 for trucking charges which the plaintiff paid and which under the contract between the parties was alleged to have been required to be paid by the defendant.
As part of my instructions to the jury, I asked it to consider each cause of action separately, which I enumerated and outlined in a document that I caused to be delivered to the foreman for the jury’s use in its deliberations. In that document — while I specified the sum of money the plaintiff was suing for in each of the six causes of action — I charged the jury that it could, depending upon their belief as to the evidence, find for the plaintiff as to the full amount sued for, or for less, or nothing on each count. One of the disputed factors involved — as to whether the amount demanded in each of several causes of action was recoverable by the plaintiff — was the quantity of merchandise claimed to have been delivered; another was the value thereof.
I charged the jury further that, ‘ ‘ if your verdict is to be in favor of the plaintiff on any one or more of the causes of action, then you should determine how much your verdict should be on each cause of action. And you may use that document, Mr. Man kin [the foreman of the jury], to note what the final verdict of the jury is with respect to each of the six causes *737 of action. When yon have done that, and you have made your report, we shall concern ourselves with the matter of addition, if you find in favor of the plaintiff, and we shall concern ourselves with the matter of interest and of costs. The matter of adding up, if there be addition, of the amounts of the verdict that you will give to the plaintiff, and adding up the interest and adding up the costs, I will relieve you of the problem of considering ’ ’.
After the trial, the plaintiff recovered a jury verdict on three causes — the first for 75% of the amount sued for, the second for 100%, and the fourth for 80%. The jury verdict was in favor of the defendant on the three remaining counts. After the rendition of the verdict, and after I disposed of the several motions by counsel with respect thereto, I stated to counsel: ‘ ‘ I think you ought to check with the Clerk as to the computation of interest in accordance with the provisions of the Civil Practice Act ’ \ Interest was added by the Clerk to each of the amounts specified by the jury, computed (with the consent of the plaintiff) from the date of the commencement of the action. The interest thus added amounts to $1,151.76, and it is this sum which the defendant now seeks to subtract from the judgment.
I would not, of course, permit interest to be added to the jury’s verdict unless it were reasonably clear that the jury has not already allowed interest in the amount of the recovery fixed by the verdict (First Int. Pictures v. F. C. Pictures Corp., 262 App. Div. 21). The contention is made by the defendant that, in awarding a verdict to the plaintiff of 75% and 80% of the amounts sued for in the first and fourth causes of action respectively, the jury may have considered interest in arriving at its verdict. I find no merit to this argument. In the first place, it is inconsistent with the fact that, as to the second cause of action, the verdict was 100% in favor of the plaintiff. And, secondly, and more importantly, my charge to the jury made it clear that the matter of interest was removed from their province entirely, and that the jury was not to consider interest whatsoever. It is not to be presumed that the jury ignored this instruction (Antonsen v. Bay Ridge Sav. Bank, 292 N. Y. 143, 146).
As a matter of law, I find that the plaintiff is entitled to interest on each of the three causes of action upon which it was successful (Civ. Prae. Act, § 480). The jury decided in the plaintiff’s favor on two counts for breach of contract and one for conversion. Interest in an action for breach of contract must be added to the verdict from the time of the breach *738 (Mayaguez Drug Co. v. Globe & Rutgers Fire Ins. Co. of N. Y., 260 N. Y. 356, 358; Brown v. Godefroy Mfg. Co., 278 App. Div. 242, 243); and, in an action for conversion, the plaintiff is entitled to interest from the date of the conversion (Flamm v. Noble, 296 N. Y. 262, 268).
The motion by the defendant is in all respects denied.