Felice K. Shea, J.
In this action, Solomon Heitner, an attorney, has cross-claimed against trial counsel to whom he forwarded a negligence case, seeking damages for attorney’s fees lost by reason of codefendants’ alleged malpractice.
The facts of the underlying action were not disputed at trial where no evidence was presented on behalf of codefendants. Plaintiff Vale was a passenger in a bus accident which occurred in 1964. She retained Heitner to prosecute her personal injury action and he conducted an investigation, prepared pleadings and obtained medical records. In 1965, Heitner *922 suffered a heart attack, and subsequently, with the consent of his client, he retained codefendants to serve as trial counsel. Trial counsel filed a note of issue in the negligence action, but failed to file a statement of readiness as required by 22 NYCRR 660.4(d). The matter was marked off the calendar of the Supreme Court, New York County, on February 15, 1967 and was dismissed February 16, 1968 pursuant to CPLR 3404. A motion to restore the matter was denied by order entered July 18, 1972, and the denial was affirmed by the Appellate Division, First Department, Barragato v Manhattan & Bronx Surface Tr. Operating Auth., (42 AD2d 928). Vale thereupon brought an action for malpractice against both attorneys. She received $25,000 in settlement from trial counsel and discontinued her claim against Heitner. Heitner’s cross claim for damages was severed and referred to this court for trial pursuant to CPLR 325 (subd [d]).
Defendant and codefendants had a written agreement, drawn by trial counsel, providing that Heitner was to be the attorney of record in the Vale matter, codefendants were to act as trial counsel, and the attorney’s fee was to be "divided equally between us, after first deducting the disbursements.”
In every agreement, there is an implied covenant of good faith which binds each party to do nothing which will destroy the right of the other party to receive the benefits of the contract. (Kirke La Shelle Co. v Paul Armstrong Co., 263 NY 79; Price v Spielman Motor Sales Co., 261 App Div 626; 10 NY Jur, Contracts, § 203.) Codefendants’ argument that no recovery can be had by Heitner since there was no attorney’s fee to divide is specious. Trial counsel cannot, by their own negligent failure to perform, frustrate the fruition of the bargain between the parties and then claim freedom from liability.
Trial counsel is liable to Heitner in damages for breach of their implied duty to conduct the Vale case with due care. The time of the breach is determined to be the date trial counsel’s motion to restore the matter to the calendar was denied. The court also finds that the same conduct which constituted a breach of trial counsel’s contractual duty to defendant Heitner was malpractice with regard to plaintiff Vale. Furthermore, the proof indicates and the court finds that the plaintiff Vale had a valid and collectible claim in the underlying action for personal injuries.
Codefendants’ contention that Heitner should be barred from recovery because he was contributorily negligent is
*923 groundless. In view of the court’s holding of liability in contract, there is no need to reach the question of whether, in the absence of contract, trial counsels’ malpractice would render them liable to Heitner in tort.* In any case, there was no evidence that Heitner’s actions contributed to the unhappy result in the Vale litigation, nor that he omitted to do anything that a prudent attorney should have done. Neither was there evidence that Heitner failed to live up to any term, express or implied, of the contract between the parties.
Vale’s malpractice action against codefendants was settled in court, by attorneys, with the aid of a Justice of the Supreme Court, all of whom can be considered experts in the field of personal injury law. The settlement sum of $25,000 is thus a fair measure of the value of the Vale action. Heitner proved that his share of the fee, had the Vale case ended in a verdict of $25,000, would be $4,500, and this is the sum to which he is entitled. Although no interest was demanded, the court may grant it when it is warranted by the proof. (CPLR 3017, subd [a]; Greenfield v Tripp, 10 AD2d 638; 5 Weinstein-Korn-Miller, NY Civ Prac, par 5001.15.)
Enter judgment in favor of defendant against codefendants for $4,500 with interest from July 18, 1972.

 An argument can be made that liability on the part of trial counsel can also be found in tort. However, most New York courts have declined to hold an attorney liable for negligence to persons other than his client, and two cases have specifically rejected the reasoning of California courts which impose such liability. (Victor v Goldman, 74 Misc 2d 685; Maneri v Amodeo, 38 Misc 2d 190; see Dallas v Fassnacht, 42 NYS2d 415; Hakala v Van Schaick, 171 Misc 418; Matter of Cushman, 95 Misc 9; Ann, 45 ALR3d 1181; but cf. Schwartz v Greenfield, Stein & Weisinger, 90 Misc 2d 882.