■ MEN'S WORLD OUTLET, INC., Respondent, v ESTATE OF JOSEPH STEINBERG, Appellant. — In an action to recover damages for injury to property, defendant appeals from a judgment of the Supreme Court, Nassau County (Widlitz, J.), entered May 12, 1983, which awarded plaintiff the sum of $41,684 together with costs, disbursements and interest from April 19, 1978, the final date of loss as found by the jury. (We deem the notice of appeal from an order dated May 10, 1983 as a notice of appeal from the judgment.) ¶ Judgment modified, on the law and the facts, by deleting the provision which granted plaintiff interest from April 19, 1978 in the sum of $14,829.09, and substituting a provision awarding plaintiff interest from May 12, 1983, the date judgment was entered. As so modified, judgment affirmed, with costs to appellant, and matter remitted to the Supreme Court, Nassau County, for entry of an appropriate amended judgment. ¶ Although the general rule is that an appeal taken from an order which is followed by an entry of final judgment in the same action must fall and review may only be had upon appeal from the final judgment, we have, in the interest of justice, deemed the notice of appeal from the order to be a notice of appeal from the subsequent judgment in which the order was subsumed (see National Bank v Kory, 63 AD2d 579; Chase Manhattan Bank v Roberts & Roberts, 63 AD2d 566; CPLR 5520, subd [c]). ¶ Turning to the substantive issue, we note that the trial court, at plaintiff's request, albeit somewhat confusingly, did charge the jury as to interest. Thus, inasmuch as there is a possibility that the jury had already allowed interest in the amount of recovery fixed in the verdict, the court erred in granting plaintiff interest from April 19, 1978, the final date of loss as found by the jury (see Mayaquez Drug Co. v Globe & Rutgers Fire Ins. Co., 260 NY 356; First Int. Pictures v F. C. Pictures Corp., 262 App Div 21; Wilcoxon v Sun Oil Co., 49 Misc 2d 589; Stuckey v Erie R. R. Co., 22 Misc 2d 472). Titone, J. P., Gibbons, Brown and Lawrence, JJ., concur.

■ MEN'S WORLD OUTLET, INC., et al., Respondents, v STEPHEN N. STEINBERG et al., Appellants. — In an action for a permanent mandatory injunction, defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Morrison, J.), entered December 2, 1982, as denied their motion, denominated as one for resettlement of a prior order of the same court dated June 16, 1982, but which, in effect, sought reargument of the prior motion. ¶ Appeal dismissed, with costs. ¶ The motion for resettlement

was, in reality, a motion for reargument, and inasmuch as no appeal lies from the denial of a motion to reargue, we have dismissed the appeal (see *Matter of Huie [Furman]*, 20 NY2d 568, mot to amend remittitur granted 21 NY2d 1036; *Holiday v Harrows, Inc.*, 91 AD2d 1062; *Catalogue Serv. of Westchester v Insurance Co.*, 90 AD2d 838; *Foley v Roche*, 68 AD2d 558). In any case, an order denying a motion for resettlement is not appealable (see *Cohn v Cohn*, 100 AD2d 528). Titone, J. P., Gibbons, Brown and Lawrence, JJ., concur.