■ MARTIN E. FRANKEL et al., Appellants, v MANUFACTURERS HANOVER TRUST COMPANY, Respondent. LILLYAN FRANKEL, Additional Defendant on Counterclaim. — In an action, *inter alia,* to recover damages for the wrongful dishonor of checks, plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Nassau County (Balletta, J.), entered May 6, 1983, as dismissed their complaint. (We deem the notice of appeal from an order dated Feb. 4, 1983 to be a notice of appeal from the judgment.)

Judgment affirmed insofar as appealed from, with one bill of costs.

Although the general rule is that an appeal taken from an order which is followed by an entry of final judgment in the same action must fall and review may only be had upon appeal from the final judgment, we have, in the interest of justice, deemed the notice of appeal from the order to be a notice of appeal from the subsequent judgment in which the order was subsumed (see *Men's World Outlet v Estate of Steinberg,* 101 AD2d 854; *National Bank v Kory,* 63 AD2d 579; *Chase Manhattan Bank v Roberts & Roberts,* 63 AD2d 566; CPLR 5520, subd [c]).

Turning to the substantive issue, we note that on July 10, 1981, the individual plaintiff's wife, Mrs. Frankel, obtained an order of sequestration, which among other things, appointed her receiver of her husband's real and personal property located in the State of New York, including his interest in, and the income due him from the corporate plaintiff. The sequestration order was served on defendant Manufacturers Hanover Trust Company (Manufacturers) on July 13, 1981, which placed a hold on the corporate plaintiff's bank account and so informed Dr. Frankel. In or about December, 1981, plaintiffs commenced the present action seeking damages, *inter alia,* for wrongful dishonor of checks, and in its answer to the complaint, Manufacturers alleged, as a defense, that it had acted in good faith and in compliance with the sequestration order. Subsequently, in February, 1982, Manufacturers commenced its own action against

the plaintiffs to recover the amount due on a note (collection action) and in their answer to the collection action, plaintiffs asserted as a defense that Manufacturers had unjustifiably and unlawfully closed their bank account. Thereafter, Manufacturers moved for summary judgment in its favor in the collection action, and on July 28, 1982, Special Term granted the motion, noting that plaintiffs' defense had "no merit" inasmuch as the bank account was sequestered pursuant to the sequestration order. Manufacturers then moved to dismiss plaintiffs' complaint for wrongful dishonor based on collateral estoppel, and Special Term granted the motion.

To invoke the doctrine of collateral estoppel there "must be an identity of issue which has necessarily been decided in the prior action and is decisive of the present action, and, second, there must have been a full and fair opportunity to contest the decision now said to be controlling" (*Schwartz v Public Administrator,* 24 NY2d 65, 71). Special Term properly determined that both those requirements were met here. Special Term's grant of summary judgment to Manufacturers in the collection action necessarily determined that, in view of the outstanding sequestration order plaintiffs' defense that the bank had unjustifiably closed down its bank account was without merit. Plaintiffs now seek to relitigate in this action the propriety of Manufacturers' conduct. They have failed to demonstrate that they did not have a full and fair opportunity to contest the issue in the collection action. Therefore, their action was properly dismissed. Mangano, J. P., Gibbons, O'Connor and Brown, JJ., concur.