OPINION OF THE COURT
Donald J. Corbett, Jr., J.
Claimant, an inmate at a State correctional facility, brings this motion requesting an extension of time to appeal this court’s earlier decision and judgment after trial. He alleges that he was in "keeplock” status during some or all of the period within which he must take his appeal.*
On January 15, 1986, this court’s prior judgment was mailed to claimant. If claimant desired to take an appeal, he was required to do so within 30 days after service of a copy of the judgment (CPLR 5513 [a]; Court of Claims Act § 25), extended by five days because of the mailing (CPLR 2103 [b] [2]), that is, no later than February 19, 1986 (General Construction Law § 20).
On February 19, 1986, claimant mailed the motion papers herein to the Attorney-General of the State of New York, attorney for the defendant herein, presumably mailing the motion papers themselves to the clerk of the court for filing on the same date. The mailing of the motion papers within the applicable time limits of CPLR 5513 (a) or (b), even though the motion may not be heard or disposed of until after the period expires, satisfies the timeliness requirement. (See, Siegel, NY Prac § 533 ["Time to Appeal or Move for Leave”], at 742.)
Of course the court of original instance is fairly constrained from granting extensions of time for taking an appeal (CPLR 5514 [c]). I find that the circumstances herein fit within the narrow confines permitted and that claimant should be permitted to take his appeal. I recognize that claimant did not have to bring the instant motion and could have timely served a notice of appeal in lieu thereof. There is no question that claimant has indeed timely attempted to serve a notice of appeal albeit misconstruing the necessity of filing the instant motion. In the interest of justice, I will treat his motion herein as a notice of appeal. That being so, I am empowered pursuant to CPLR 5520 (a) to grant claimant an extension of time to *88 cure the omission of having neglected by mistake to serve the notice of appeal itself while bringing the instant motion, particularly where the taking of an appeal by permission when an appeal would lie as of right (provided the motion for permission is timely made) is not an error which will result in dismissal of an appeal (CPLR 5520 [b]; cf. Frankel v Manufacturers’ Hanover Trust Co., 106 AD2d 542).
Claimant raises a further convincing argument in reliance upon CPLR 5514 (b). Claimant appears here pro se and his pleadings are held to less stringent drafting standards than those prepared by attorneys. He is, I believe, entitled to the ameliorative provision of CPLR 5514 (b) regarding the disability of an attorney. Of course, I am cognizant that the amendment of the Civil Rights Law (L 1973, ch 687), giving inmates the right to sue, also eliminated the tolling of time limitations for commencing an action due to the disability of imprisonment (CPLR 208). Regardless, I find that here, where claimant acts as his own attorney, he has otherwise become disabled from doing so (CPLR 321 [c]) because he was allegedly in keeplock status (and not merely imprisoned) and as such had no access to the facility’s law library, other inmate assistance and/or to a notary public.
In sum, as the court of original instance, I find that I may grant claimant’s motion (CPLR 5520 [a]), particularly as I found that while acting as his own attorney he was disabled from minimal self-representation (CPLR 5514 [b]). The State has not been prejudiced insofar as the instant motion was timely served upon them. Accordingly, claimant’s motion is granted and he shall serve and file a formal notice of appeal in accordance with the Court of Claims Act §25 and CPLR 5513 (a) within 30 days after service of the order herein.

 "Keeplock” status is generally understood to restrict an inmate to 23 hours per day in his cell (see, 7 NYCRR 301.5).