dant (*see*, CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 18-19). Were we to exercise our power to review that contention as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [a]), we would conclude that the statement is cumulative of the surviving victim's eyewitness testimony, and thus any error in its admission is harmless (*see*, *People v Shelton*, 209 AD2d 963, 964, *lv denied* 85 NY2d 980). We conclude that the evidence is sufficient to support defendant's conviction of intentional murder on a theory of accomplice liability (*see*, *People v Mobley*, 162 AD2d 305, 307, *lv denied* 76 NY2d 895).

We have reviewed the remaining contentions of defendant, including those raised in his *pro se* supplemental brief, and conclude that they are lacking in merit. (Appeal from Judgment of Supreme Court, Erie County, Cosgrove, J.—Murder, 2nd Degree.) Present—Denman, P. J., Lawton, Fallon, Wesley and Balio, JJ.

■ In the Matter of NIAGARA COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of D. A. H., Respondent, v C. B., Appellant. (Appeal No. 1.) [652 NYS2d 560] —Appeal unanimously dismissed without costs (*see*, *Frankel v Manufacturers Hanover Trust Co.*, 106 AD2d 542). (Appeal from Order of Niagara County Family Court, Hamilton, Jr., H. E.—Support.) Present—Denman, P. J., Lawton, Fallon, Wesley and Balio, JJ.

■ In the Matter of NIAGARA COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of D. A. H., Respondent, v C. B., Appellant. (Appeal No. 2.) [653 NYS2d 875] —Appeal unanimously dismissed without costs (*see*, *Matter of Eric D.* [appeal No. 1], 162 AD2d 1051). (Appeal from Order of Niagara County Family Court, Crapsi, J.—Support.) Present—Denman, P. J., Lawton, Fallon, Wesley and Balio, JJ.

■ In the Matter of NIAGARA COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of D. A. H., Respondent, v C. B., Appellant. (Appeal No. 3.) [651 NYS2d 785] —Order unanimously reversed on the law without costs and matter remitted to Niagara County Family Court for further proceedings in accordance with the following Memorandum: Petitioner commenced a proceeding seeking child support from respondent for their daughter, who was born out of wedlock on July 13, 1993. An order of filiation and temporary support was entered in April 1994 requiring respondent to pay $1,064 a month for child support, beginning April 15, 1994, and requiring respondent to exercise any option of additional medical/health insurance available to him for the benefit of the child. A hearing on permanent child support was held in November 1994. Petitioner